# MATTER OF P-C-M-

In Bond Proceedings Pursuant to 8 C.F.R. § 242.2(d)

A-27332079

*Decided by Board December 13, 1991*

(1) An immigration judge may not redetermine custody status on his own motion and shall do so only upon application from the respondent or his representative.

(2) The potential difficulties that the Immigration and Naturalization Service may face in executing a final order of deportation because of the conditions existing in the country of deportation are not a proper consideration for an immigration judge in redetermining an alien's custody status.

ON BEHALF OF RESPONDENT:        ON BEHALF OF SERVICE:
Pro se                                Richard Knuck
                                              General Attorney

BY: Dunne, Acting Chairman; Heilman, Board Member; Nejelski, Temporary Board Member

The Immigration and Naturalization Service has appealed from an immigration judge's June 6, 1991, decision to release the respondent from custody upon his own recognizance. The appeal will be sustained and the previous bond of $10,000 will be reinstated.

The respondent is a 23-year-old native and citizen of Angola who entered the United States on May 29, 1985, as a refugee. His status was subsequently adjusted to that of a lawful permanent resident on May 30, 1989, retroactive to his date of entry. On February 25, 1991, an Order to Show Cause and Notice of Hearing (Form I-221) was issued charging the respondent with deportability under section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(11) (1988), as an alien convicted of a controlled substance violation. The respondent was subsequently taken into custody and the Service set bond at $10,000, a sum upheld by an immigration judge on March 13, 1991. In his decision, the immigration judge noted that the respondent has been convicted of a number of crimes, including grand theft on a person, burglary, possession of cocaine, and possession for sale of a narcotic substance. The immigration judge additionally noted that the respondent had no family in the United States, had resided in

432

several areas of the country since entry, and did not appear to be eligible for any statutory relief. Considering all of these factors, the immigration judge concluded that the respondent was a danger to society and presented a poor bail risk, and that therefore no reduction in bond was warranted. The respondent subsequently filed an appeal, which we dismissed on April 22, 1991.

On April 5, 1991, the respondent tendered his application for asylum, and a hearing was scheduled for June 6, 1991, before a different immigration judge. At this hearing, the immigration judge, on her own motion, released the respondent from custody upon his own recognizance. In her written decision, the immigration judge noted that the Service would be unable to deport the respondent to Angola due to the current political situation in that country, and therefore he would probably be released after the hearing regardless of the outcome, with little likelihood of being deported in the near future. Further, the immigration judge found that the respondent would soon be eligible for relief from deportation under section 212(c) of the Act, 8 U.S.C. § 1182(c) (Supp. II 1990), and that he may still receive asylum and/or withholding of deportation. With the above in mind, the immigration judge concluded that there was no point in holding a hearing on the merits, and that because the respondent was not a flight risk or a danger to society, he should be released upon his own recognizance. Additionally, the immigration judge granted a change of venue to Los Angeles.

The Service subsequently filed this appeal alleging that the immigration judge erred in her bond redetermination because no significant change of circumstances has occurred which would warrant releasing the respondent upon his own recognizance. It further contends that the immigration judge erred in making the motion sua sponte without a motion from the respondent, and that the immigration judge did not have the authority to overrule a previous bond determination made by another immigration judge.[1]

Initially, we note that the immigration judge erred in addressing the bond and custody issues at a hearing on the merits of an asylum claim. The regulations clearly state that "[c]onsideration ... by the Immigration Judge of an application or request of an alien regarding custody or bond shall be separate and apart from any deportation hearing or proceeding ... and shall form no part of such hearing or proceeding."

---

[1] In the appeal brief, the Service has raised issues relating to the immigration judge's decision to continue the proceedings and change venue. We will not address these issues because only the appeal from the determination of custody status is before us. Further, bond and deportation proceedings should not be intermingled. *See* 8 C.F.R. § 242.2(d) (1991).

8 C.F.R. § 242.2(d) (1991). Therefore, the immigration judge erred in considering the asylum and bond issues at the same hearing. *See Matter of Chirinos*, 16 I&N Dec. 276 (BIA 1977).

The Service also alleges error because the immigration judge addressed the issue sua sponte, and not upon application from the respondent. There is no indication in the record that the respondent renewed any application for a redetermination of his custody status. The regulations at 8 C.F.R. §§ 3.18(b) and 242.2(d) (1991) only provide authority for the immigration judge to redetermine custody status upon application by the respondent or his representative. It was therefore improper for the immigration judge herself to instigate the motion.

In addition to finding procedural irregularities, we also conclude that the immigration judge did not have proper cause for releasing the respondent on his own recognizance. The immigration judge's decision appears to have been largely based on her conclusion that the Service would not be able to deport the respondent to Angola due to the political situation there and would eventually release him despite any finding of deportability. This is not a valid basis for reducing or eliminating bond. The factors to be considered in determining the need for or the amount of bond are those relevant to deciding whether the alien is a poor bail risk or a threat to national security. *See Matter of Patel*, 15 I&N Dec. 666 (BIA 1976). The potential difficulty in executing a final order of deportation is not a factor significant, or even remotely related, to these considerations. Further, when a final order of deportation is made, it is the Attorney General, acting through the Immigration and Naturalization Service, who decides when to deport the alien, and under what conditions he will remain in the United States in the interim. *See* section 243 of the Act, 8 U.S.C. § 1253 (1988); 8 C.F.R. §§ 243.2—.7 (1991). It is therefore inappropriate for the immigration judge to contemplate the Attorney General's action at this point and to reduce the respondent's bond based on such speculations.

The immigration judge's decision also appears to have been influenced by the respondent's application for asylum and future eligibility for relief from deportation under section 212(c) of the Act. The immigration judge concluded that these possibilities greatly reduced the risk of the respondent absconding upon release. We do not agree. First of all, the respondent is not yet eligible for section 212(c) relief, and the immigration judge should not be predicting future events. Further, while the asylum claim is currently pending and is properly considered in a bond determination, it is not enough to overcome the negative factors in this case, which the immigration judge failed to consider in rendering her opinion. The respondent has

no family in the United States and no other community ties. He appears to have moved frequently since entering the country and has no history of steady employment. Most significant is his history of criminal behavior, which includes crimes ranging from drug offenses to grand theft of a person and burglary. These convictions reflect adversely on his character with respect to his potential for absconding upon release and also make questionable his eligibility for asylum, withholding of deportation, and other forms of relief from deportation. The immigration judge failed to note these convictions and the respondent's lack of family and community ties in her opinion. Therefore, the immigration judge did not consider all facets of the case. Furthermore, there was no change of circumstances which would warrant relief from the previous bond determination. For these reasons, and because the immigration judge improperly combined bond and deportation proceedings and proceeded to a redetermination of custody status without an application by the respondent, the Service's appeal will be sustained, and the original bond of $10,000 will be reinstated.

**ORDER:** The appeal is sustained. The immigration judge's decision to release the respondent upon his own recognizance is vacated, and the respondent's bond is reinstated to $10,000.