**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE DE JESUS R. ALVAREZ, | No. 12-70152 |
| Petitioner, | Agency No. A075-702-485 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012[**]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Jose De Jesus R. Alvarez, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

_____

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of asylum as a discretionary matter, *Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 (9th Cir. 2004), and review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

The BIA correctly determined that it did not have jurisdiction to review Alvarez's challenge to his bond proceedings. *See* 8 C.F.R. § 1003.19(d); *Matter of P-C-M-*, 20 I. & N. Dec. 432 (BIA 1991).

The agency did not abuse its discretion in denying Alvarez asylum as a matter of discretion based on his criminal conviction for domestic violence. *See Kalubi*, 364 F.3d at 1140-41.

Substantial evidence supports the agency's findings that Alvarez does not qualify for withholding where he failed to establish that his fear of harm in Mexico is based on a protected ground, and he failed to establish it is more likely than not he will face future persecution if returned to Mexico. *See* 8 C.F.R. § 208.16(b)(2); *Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (upholding the denial of withholding of removal where the possibility of future persecution was speculative).

Substantial evidence also supports the agency's finding that Alvarez is not eligible for CAT relief where Alvarez failed to show it is more likely than not he will be tortured with the consent or acquiescence of the government if returned to Mexico. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011).

To the extent that the respondent seeks to renew its motion for summary disposition, the motion is denied as moot.

**PETITION FOR REVIEW DENIED.**