**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANTONIO SALAZAR MONTIEL,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 12-70308

Agency No. A091-611-884

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2013[**]

Before:     SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Antonio Salazar Montiel, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's removal order.  We have jurisdiction under 8

U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

continue and a particularly serious crime determination. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009); *Arbid v. Holder*, 700 F.3d 379, 383 (9th Cir. 2012). We review for substantial evidence the agency's factual findings and review de novo questions of law. *Ahmed*, 569 F.3d at 1012. We deny the petition for review.

The agency properly concluded that Salazar Montiel is ineligible for asylum and withholding of removal where his conviction for violating California Health and Safety Code § 11378 for possession for sale of methamphetamine is an aggravated felony and a particularly serious crime. *See* 8 U.S.C. §§ 1101(a)(43)(B), 1158(b)(2), 1231(b)(3)(B); *Rendon v. Mukasey*, 520 F.3d 967, 976 (9th Cir. 2008) ("[P]ossession of a controlled substance with the intent to sell contains a trafficking element and is an aggravated felony."); *Miguel-Miguel v. Gonzales*, 500 F.3d 941, 947-49 (9th Cir. 2007) (aggravated felonies involving unlawful trafficking in controlled substances presumptively constitute particularly serious crimes).

Substantial evidence supports the agency's finding that Salazar Montiel failed to show it is more likely than not he will be tortured with the consent or acquiescence of the government if returned to Guatemala. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011).

The agency did not abuse its discretion in concluding that Salazar Montiel failed to show good cause for a third continuance to await the completion of post-conviction relief proceedings in state court. *See* 8 C.F.R. § 1003.29; *Ahmed*, 569 F.3d at 1012-15 (continuance may be granted for good cause).

The BIA properly determined that it did not have jurisdiction to review Salazar Montiel's challenge to his bond proceedings. *See* 8 C.F.R. § 1003.19(d); *Matter of P-C-M-*, 20 I. & N. Dec. 432, 433-34 (BIA 1991).

We deny Salazar Montiel's pending motions for a stay of removal.

**PETITION FOR REVIEW DENIED.**