# Matter of W-Y-U-, Respondent

*Decided April 18, 2017*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) The primary consideration for an Immigration Judge in evaluating whether to administratively close or recalendar proceedings is whether the party opposing administrative closure has provided a persuasive reason for the case to proceed and be resolved on the merits. *Matter of Avetisyan*, 25 I&N Dec. 688 (BIA 2012), clarified.

(2) In considering administrative closure, an Immigration Judge cannot review whether an alien falls within the enforcement priorities of the Department of Homeland Security, which has exclusive jurisdiction over matters of prosecutorial discretion.

FOR RESPONDENT: Pro se

BEFORE: Board Panel: MALPHRUS, MULLANE, and CREPPY, Board Members.

MALPHRUS, Board Member:

On April 13, 2015, an Immigration Judge granted an oral motion of the Department of Homeland Security ("DHS") seeking administrative closure of the respondent's removal proceedings. The respondent opposed the DHS's motion and later filed a motion to recalendar the proceedings, which the Immigration Judge denied on July 8, 2015.[1] The respondent has filed an interlocutory appeal from that decision. The appeal will be sustained and the record will be remanded to the Immigration Judge.[2]

The respondent is a native and citizen of China who entered the United States on October 7, 2008. He filed a timely application for asylum and related relief and protection, which he seeks to have the Immigration Judge review in removal proceedings. The respondent argues that the administrative closure of his case prevents him from pursuing that relief.

"Administrative closure . . . is used to temporarily remove a case from an Immigration Judge's active calendar or from the Board's docket."

---

[1] The Immigration Judge also denied as moot the respondent's motion to change venue. Given our disposition of this case, the respondent may raise the issue of venue on remand.

[2] Although we do not ordinarily entertain interlocutory appeals, we find it appropriate to address the merits of this appeal because it "raises an important question regarding the administration of proceedings under our immigration laws." *Matter of Avetisyan*, 25 I&N Dec. 688, 688–89 (BIA 2012).

*Matter of Avetisyan*, 25 I&N Dec. 688, 692 (BIA 2012). It is a docket management tool that is used to temporarily pause removal proceedings. *Id.* at 690, 694. Administrative closure is not a form of relief from removal and does not provide an alien with any immigration status. After a case has been administratively closed, either party may move to recalendar it before the Immigration Court, as the respondent did here, or to reinstate the appeal before the Board. *See id.* at 695 & n.5.

In *Matter of Avetisyan*, we determined for the first time that Immigration Judges and the Board have the authority to administratively close a case when appropriate, even if a party opposes it. *Id.* at 690, 694.[3] Thus, we held that "it is improper to afford absolute deference to a party's objection" to administrative closure. *Id.* (overruling *Matter of Gutierrez*, 21 I&N Dec. 479, 480 (BIA 1996)). We stated that in evaluating whether to grant a request for administrative closure, an Immigration Judge should consider the following factors:

> (1) the reason administrative closure is sought; (2) the basis for any opposition to administrative closure; (3) the likelihood the respondent will succeed on any petition, application, or other action he or she is pursuing outside of removal proceedings; (4) the anticipated duration of the closure; (5) the responsibility of either party, if any, in contributing to any current or anticipated delay; and (6) the ultimate outcome of removal proceedings . . . when the case is recalendared.

*Id.* at 696.[4] This individualized evaluation prevents a party from keeping a case on an Immigration Court's active docket absent a reasoned explanation or justification. *Cf. Matter of Lamus*, 25 I&N Dec. 61, 65 (BIA 2009) (concluding that a party's opposition to a motion to reopen, "in and of itself, should [not] be dispositive of the motion without regard to the merit of that opposition"); *Matter of Hashmi*, 24 I&N Dec. 785, 791 (BIA 2009) (noting that the DHS's "unsupported opposition" to a continuance "does not carry much weight").

In this case, the Immigration Judge explained that he denied the respondent's motion to recalendar and kept his case administratively closed to reserve the Immigration Court's "limited adjudication resources to resolve actual cases in dispute." First, while we recognize the Immigration Judge's concerns regarding the most efficient use of limited resources, such matters are secondary to a party's interest in having a case resolved on the

---

[3]  Immigration Judges also have broad discretion to grant continuances "for good cause shown." 8 C.F.R. §§ 1003.29, 1240.6 (2016); *see also Matter of Interiano-Rosa*, 25 I&N Dec. 264, 265 (BIA 2010). In many cases, granting a continuance may be more appropriate than administratively closing a case.

[4]  The same factors should be weighed in evaluating a motion to recalendar or reinstate.

merits.  *See Matter of C-B-*, 25 I&N Dec. 888, 890 (BIA 2012) (noting that docket efficiency does not override an alien's "invocation of procedural rights and privileges").  In fact, *Matter of Avetisyan* does not list court resources as a factor to consider in evaluating whether administrative closure is appropriate.  In a similar context, we held that "[c]ompliance with . . . case completion goals . . . is not a proper factor in deciding a continuance request."  *Matter of Hashmi*, 24 I&N Dec. at 793–94.

Second, to the extent that the Immigration Judge concluded that this matter does not present an "actual case[] in dispute," we do not agree.  An alien in removal proceedings has a right to seek asylum and related relief from persecution.  *See Matter of E-F-H-L-*, 26 I&N Dec. 319, 321–23 (BIA 2014) (holding that an alien in removal proceedings generally has a right to a full evidentiary hearing on applications for relief from persecution); 8 C.F.R. § 1240.11(c)(3) (2016).  Therefore, assuming that his application was properly filed and that he is eligible for the relief sought, the respondent has a right to a hearing on the merits of his claim.  If his application is successful, he may be eligible for lawful status in the United States, while administrative closure provides him no legal status.  This is not a case where an alien has filed for asylum with no intent to proceed on the application to a resolution.

Moreover, the fact that the DHS sought administrative closure in this case is not dispositive of whether the respondent's case is actually in dispute.  The role of the Immigration Courts and the Board is to adjudicate whether an alien is removable and eligible for relief from removal in cases brought by the DHS.  We lack the authority to review the DHS's decision to institute proceedings, which involves the exercise of prosecutorial discretion.  *See Matter of G-N-C-*, 22 I&N Dec. 281, 284 (BIA 1998); *Matter of Yazdani*, 17 I&N Dec. 626, 630 (BIA 1981).  Since prosecutorial discretion is a matter within the exclusive jurisdiction of the DHS, it follows that in considering administrative closure, an Immigration Judge cannot review whether an alien falls within the DHS's enforcement priorities or will actually be removed from the United States.  *See Matter of Quintero*, 18 I&N Dec. 348, 350 (BIA 1982) (stating that "deferred action status is a function of the District Director's prosecutorial authority," which neither Immigration Judges nor the Board can review); *cf. Matter of P-C-M-*, 20 I&N Dec. 432, 434 (BIA 1991) (stating that the likelihood that an alien will be deported is not a factor to be considered in a bond determination).  Thus, while the DHS's actions may suggest that the respondent's case is not a priority for enforcement, they are not dispositive of whether the case is in dispute.

There is an important public interest in the finality of immigration proceedings.  *INS v. Abudu*, 485 U.S. 94, 107 (1988) ("There is a strong

public interest in bringing litigation to a close as promptly as is consistent with the interest in giving the adversaries a fair opportunity to develop and present their respective cases."). That interest is particularly clear here, since it is the respondent who is opposed to continuing administrative closure for an indefinite period and requests that his case proceed to a conclusion on the merits. An unreasonable delay in the resolution of the proceedings may operate to the detriment of aliens by preventing them from obtaining relief that can provide lawful status or, on the other hand, it may "thwart the operation of statutes providing for removal" by allowing aliens to remain indefinitely in the United States without legal status. *Ukpabi v. Mukasey*, 525 F.3d 403, 408 (6th Cir. 2008) (discussing the competing interests to be considered in evaluating a motion for continuance). The considerations regarding administrative closure should apply equally to respondents and the DHS.

While *Matter of Avetisyan* provides a list of factors to be considered, we now clarify that decision and hold that the primary consideration for an Immigration Judge in determining whether to administratively close or recalendar proceedings is whether the party opposing administrative closure has provided a persuasive reason for the case to proceed and be resolved on the merits.[5]

The respondent is opposed to the continuation of administrative closure and has requested recalendaring of the proceedings. He has explained that he wants to pursue his application for asylum to its resolution. Under these circumstances, recalendaring of the proceedings is appropriate. Accordingly, we will sustain the respondent's appeal, reinstate his removal proceedings, and remand the record for further proceedings.[6]

**ORDER:** The appeal is sustained, the decision of the Immigration Judge is vacated, and the removal proceedings are reinstated.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

---

[5] This decision is intended to provide additional guidance where one of the parties opposes administrative closure. However, it is not applicable to cases in which the parties jointly agree to administrative closure, recalendaring, or reinstatement. Moreover, we continue to hold that neither party has "absolute veto power over administrative closure requests." *Matter of Avetisyan*, 25 I&N Dec. at 692.

[6] If the DHS had sought termination of the proceedings, which it chose not to do, this case would present a different question. If the proceedings were terminated, the charges against the respondent would be dismissed. He would therefore not have the same interest in having his case resolved on the merits.