NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SALVADOR BENITEZ-SORIANO, | No. 17-71675 |
| Petitioner, | Agency No. A200-978-341 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 13, 2019
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and PRATT,** District
Judge.

Salvador Benitez-Soriano ("Benitez-Soriano") petitions for review of the

Board of Immigration Appeals' ("BIA") order of removal and reversal of the

Immigration Judge's ("IJ") grant of administrative closure. The parties are

familiar with the facts, so we do not repeat them here. We have jurisdiction under

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Robert W. Pratt, United States District Judge for the
Southern District of Iowa, sitting by designation.

8 U.S.C. § 1252, and we deny the petition.

We review de novo an appeal of purely legal questions or due process claims from a BIA decision. *Lianhua Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). A denial or grant of administrative closure is reviewed for abuse of discretion. *See Gonzales-Caraveo v. Sessions*, 882 F.3d 885, 890 (9th Cir. 2018) ("Like a motion to reopen or a motion for a continuance, administrative closure is a tool that an IJ or the BIA must be able to use, in appropriate circumstances, as part of their delegated authority, independence and discretion.").

The BIA did not violate Benitez-Soriano's due process rights when it ordered that he be removed to Mexico, rather than remand proceedings to the IJ to make a new determination with respect to removal. "Where the IJ has previously determined that the alien is removable but grants cancellation of removal, the BIA's decision to reverse the cancellation of removal reinstates the initial finding of removability, which, under the statute, is effectively an order of removal." *Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007). Here, after finding "clear, convincing and unequivocal" evidence warranting removability, the IJ granted administrative closure. When the BIA reversed that grant of administrative closure, it properly relied upon the IJ's clear determination that Benitez-Soriano was removeable to Mexico.

The BIA also did not violate Benitez-Soriano's due process rights when it

2

entered both a voluntary departure order and a removal order. The BIA reissued the IJ's grant of voluntary departure. This reissuance was pursuant to 8 C.F.R. § 1240.26(d), which states that where the IJ "grant[s] a request made for voluntary departure either prior to the completion of proceedings or at the conclusion of proceedings, the immigration judge shall also enter an alternate order of removal." The BIA's decision to enter both an order granting voluntary departure and an order of removal is entirely consistent with the regulatory language.

Finally, the BIA did not abuse its discretion by reversing the IJ's grant of administrative closure. The BIA looked to the factors outlined in *Matter of Avetisyan*, 25 I&N Dec. 688 (BIA 2012), and *Matter of W-Y-U*, 27 I&N Dec. 17 (BIA 2017), to evaluate whether administrative closure was warranted. It found that the Department of Homeland Security had provided a persuasive reason to proceed with the case—administrative closure would not progress the immigration proceedings at issue—which, under *Matter of W-Y-U*, is the primary consideration before the IJ or BIA. *Id.* at 20. The BIA's reliance on this factor was not an abuse of discretion.

The petition for review is **DENIED.**