# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 3, 2021

Lyle W. Cayce
Clerk

No. 20-60241

JUAN JOSE GONZALEZ-PENALOZA, *also known as* JUAN TERRASCO-TORRES,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A-205-665-068

Before WIENER, DENNIS, and DUNCAN, *Circuit Judges*.

WIENER, *Circuit Judge*:*

This case arises from the denial of Petitioner Juan Jose Gonzalez-Penaloza's motion requesting that the Board of Immigration Appeals ("BIA") administratively close his case so that he could file a Form I-601A application with United States Citizenship and Immigration Services. The

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60241

BIA denied the motion, believing it lacked the general authority to administratively close cases in light of *Matter of Castro-Tum*, 27 I&N Dec. 271, 283 (Att'y Gen. 2018). On appeal, Petitioner asks us to join the Third, Fourth, and Seventh Circuits in holding that *Castro-Tum* was incorrectly decided.[1]

After we heard oral argument in this case but before we issued an opinion, the Attorney General issued an opinion in *Matter of Cruz-Valdez*, 28 I&N Dec. 326 (Att'y Gen. 2021), expressly overruling *Castro-Tum*. In *Cruz-Valdez*, the Attorney General noted that three courts of appeals had already rejected *Castro-Tum*'s reasoning and that the case "departed from long-standing practice."[2] The Attorney General also noted that, although the Department of Justice ("DOJ") had promulgated a new regulation in December 2020 which effectively codified *Castro-Tum*'s prohibition of administrative closure, it is currently subject to a nationwide injunction[3] and the DOJ "is now engaged in a reconsideration of that regulation."[4] The

---

[1] *See Sanchez v. Att'y Gen.*, No. 20-1843, 2021 WL 1774965 (3d Cir. May 5, 2021); *Romero v. Barr*, 937 F.3d 282, 292 (4th Cir. 2019); *Meza Morales v. Barr*, 973 F.3d 656, 667 (7th Cir. 2020).

[2] 28 I&N Dec. at 328, 329 (citing *Romero*, 937 F.3d at 292; *Meza Morales v. Barr*, 973 F.3d 667; *Acros Sanchez*, 997 F.3d at 121-22). The Attorney General also stressed that even the Sixth Circuit, which upheld *Castro-Tum*, subsequently rejected the prohibition on administrative closure in cases in which the alien, like the petitioners in *Cruz-Valdez* and the instant case, sought the ability to apply for a provisional unlawful presence waiver. *Id.* at 328 (citing *Hernandez-Serrano v. Barr*, 981 F.3d 459, 464 (6th Cir. 2020); *Garcia-DeLeon v. Garland*, 999 F.3d 986, 989 (6th Cir. 2021)).

[3] *See Centro Legal de la Raza v. E.O.I.R.*, No. 21-CV-463, 2021 WL 916804 (N.D. Cal. Mar. 10, 2021).

[4] 28 I&N Dec. at 329.

No. 20-60241

Attorney General stated that, while reconsideration of the regulation is ongoing, "immigration judges and the Board should apply the standard for administrative closure set out in [*Matter of Avetisyan*, 25 I&N Dec. 688, 692 (BIA 2012)] and [*Matter of W-Y-U*, 27 I&N Dec. 17, 18 (BIA 2017)]."[5]

Late last week, the Attorney General filed an unopposed motion to remand the case to the BIA and, in the alternative, an unopposed alternative motion to extend time for filing the parties' supplemental briefs for 15 days from the denial of the motion to remand. In light of this development, the Attorney General's unopposed motion to remand the case to the BIA is GRANTED. The Attorney General's unopposed alternative motion to extend time for filing the parties' supplemental briefs for 15 days from the denial of the motion to remand is DENIED as moot. The instant matter is REMANDED to the BIA to consider whether Petitioner's case should be administratively closed to allow him to file a Form I-601A.[6]

---

[5] *Id.*

[6] Our dissenting colleague would reach the issue in this case on the merits because he believes the regulations foreclose the general use of administrative closure. Neither does the dissenter believe that *Cruz-Valdez* merits *Auer* deference. However, we need not reach these issues because the Attorney General filed an unopposed motion to remand the case to the BIA. Furthermore, we have not and need not consider the validity of *Cruz-Valdez* because the Attorney General's new interpretation was not applied by the BIA in this case.

No. 20-60241

STUART KYLE DUNCAN, *Circuit Judge*, dissenting:

Instead of remanding, I would deny the petition for review on the ground that the regulations foreclose the general use of administrative closure. *See* 8 C.F.R. §§ 1003.10(b); 1003.1(d)(1)(ii). In *Matter of Castro-Tum*, 27 I. & N. Dec. 271 (A.G. 2018), the Attorney General correctly interpreted those regulations, and the BIA did not err by following that decision and denying Petitioner's motion for administrative closure. *See Hernandez-Serrano v. Barr*, 981 F.3d 459, 466 (6th Cir. 2020); *Arcos Sanchez v. Attorney General*, 997 F.3d 113, 124 (3d Cir. 2021) (Matey, J., dissenting).

My view is not changed by the Attorney General's new opinion in *Cruz-Valdez*, which purports to overrule *Castro-Tum*. *See Matter of Cruz-Valdez*, 28 I. & N. Dec. 326 (A.G. 2021). I have serious doubts that *Cruz-Valdez* merits any deference under *Auer v. Robbins*, 529 U.S. 452 (1997). *See Kisor v. Wilkie*, 139 S. Ct. 2400, 2415–18 (2019). Because I would reach this issue, and the majority does not, I respectfully dissent.