**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 14 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PABLO HERNANDEZ-MORA, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 18-72129 Agency No. A205-418-882 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2022[**]
Phoenix, Arizona

Before: MURGUIA, Chief Judge, and O'SCANNLAIN and GRABER, Circuit
Judges.

Pablo Hernandez-Mora is a citizen of Mexico who has lived in the United

States for several decades. Hernandez-Mora petitions for review of the Board of

Immigration Appeals' ("BIA") decision to dismiss his appeal of an immigration

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

judge's ("IJ") decision to re-calendar his case. He argues that res judicata bars the re-calendaring. We deny the petition for review.

The IJ first administratively closed Hernandez-Mora's case pursuant to *Matter of Avetisyan*, 25 I. & N. Dec. 688 (BIA 2012), and in the interest of judicial economy. The Department of Homeland Security ("DHS") later moved to re-calendar Hernandez-Mora's removal proceedings on the ground that Hernandez-Mora had failed to disclose an arrest for child molestation. The IJ reopened proceedings and decided Herandez-Mora's case on the merits.

Res judicata bars subsequent actions between the same parties over the same claims. But res judicata applies only when there is "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 855 (9th Cir. 2016). Here, however, there is no final judgment on the merits. We have held that an administrative closure order in immigration court "does not result in a final order." *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 891 (9th Cir. 2018). Moreover, the administrative closure order in Hernandez-Mora's case also provided that the immigration court retained jurisdiction and that either party could move to re-calendar proceedings at any time.

Finally, the IJ properly applied *Matter of Avetisyan* and *Matter of W-Y-U-* to grant DHS's motion to re-calendar. *See Matter of W-Y-U-*, 27 I. & N. Dec. 17, 20 (BIA 2017) ("While *Matter of Avetisyan* provides a list of factors to be considered,

we now clarify that decision and hold that the primary consideration for an Immigration Judge in determining whether to administratively close or recalendar proceedings is whether the party opposing administrative closure has provided a persuasive reason for the case to proceed and be resolved on the merits.") (footnote omitted). Here, the IJ identified a persuasive reason for re-calendaring—DHS's decision to cease exercising prosecutorial discretion—and the BIA agreed.

**PETITION DENIED.**