**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE GONZALEZ MORALES,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 23-1942<br><br>Agency No.<br>A202-064-830<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2025[**]
Phoenix, Arizona

Before: CLIFTON, BYBEE, and BADE, Circuit Judges.
Partial Dissent by Judge BYBEE.

Jorge Gonzalez Morales petitions for review of the denial by the Board of

Immigration Appeals (BIA) of his applications for cancellation of removal and

voluntary departure. He also challenges the BIA's denial of his motion for

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

administrative closure. Because this court lacks jurisdiction over his cancellation of removal and voluntary departure claims, and because Gonzalez Morales failed to demonstrate that the BIA abused its discretion when it denied his motion to administratively close the case, his petition is denied.

1. The agency may exercise its discretion to grant a petitioner cancellation of removal if, after balancing both adverse factors and "humane considerations," it determines that granting discretionary relief to the petitioner is in the "best interests of the country." *Ridore v. Holder*, 696 F.3d 907, 920 (9th Cir. 2012). This court lacks jurisdiction to review discretionary decisions by the agency, but we can review questions of law or constitutional claims, 8 U.S.C. § 1252(a)(2)(D), including "whether the [agency] considered relevant evidence in making [a discretionary] decision," *Szonyi v. Barr*, 942 F.3d 874, 896 (9th Cir. 2019). "[T]his court generally presumes that the BIA thoroughly considers all relevant evidence in the record." *Id.* at 897. Gonzalez Morales has not overcome the presumption that the evidence in his case was thoroughly considered.

The decision of the Immigration Judge (IJ) explicitly referred to one of the three factors Petitioner argues was overlooked, his wife's rheumatoid arthritis. Nor can we conclude that the other two factors identified by Petitioner were overlooked. The IJ recognized the emotional impact of separation on Petitioner's daughter before then noting that it "is no different than that suffered by other

families having a loved one removed." It also noted Petitioner's "steady history of employment" and his acquisition of "transferrable employment skills" as evidence that he will likely find new employment. Pointing to a history of past employment does not mean that the IJ ignored relevant evidence and assumed Petitioner would continue to work as a window and door installer in Mexico. Instead, it suggests that he had a good work history and could find another job in Mexico.

Because Petitioner fails to show that the agency overlooked relevant evidence when making its discretionary decision, there is no colorable constitutional issue or question of law that we have jurisdiction to review.

2. "In exercising discretion to grant or deny requests for voluntary departure, [the agency] must weigh favorable and unfavorable factors by evaluating all of them." *Zamorano v. Garland*, 2 F.4th 1213, 1221 (9th Cir. 2021) (citation omitted). As in cancellation of removal claims, one of the favorable factors a judge may consider in voluntary departure claims is the hardship to the petitioner or his family if relief is denied. *Campos-Granillo v. I.N.S.*, 12 F.3d 849, 852 n.8 (9th Cir. 1993). Gonzalez Morales makes the same argument that he made for his cancellation of removal claim: because the agency "erred in [its] hardship determination," his voluntary departure claim should be remanded. For reasons outlined above, this argument fails, too. We lack jurisdiction to review the

discretionary denial of Petitioner's voluntary departure claim. 8 U.S.C. § 1229c; *see also Esquivel-Garcia v. Holder*, 593 F.3d 1025, 1030 (9th Cir. 2010).

3. The BIA denied Petitioner's motion for administrative closure of removal proceedings pending USCIS adjudication of his VAWA (I-360) petition. We review the denial of administrative closure for an abuse of discretion. *See Marquez-Reyes v. Garland*, 36 F.4th 1195, 1208–09 (9th Cir. 2022). We conclude that the BIA did not abuse its discretion in denying Petitioner's motion.

The agency considers six non-exhaustive factors when determining whether administrative closure is appropriate. *Matter of Avetisyan*, 25 I. & N. Dec. 688, 696 (BIA 2012).[1] In his motion, Petitioner addressed each *Avetisyan* factor, but he did so in a terse and perfunctory manner, limited to a single sentence for each factor. The motion acknowledged that the government did not agree to closure. It noted that the anticipated duration of the closure—and hence the delay in the proceedings—was "unknown." The motion summarily asserted that the "likelihood of success" on the merits of Gonzalez Morales's I-360 petition was "very likely" because he had received a determination of "prima facie eligibility." But he did not provide a copy of his I-360 petition or explain the basis for that petition.

---

[1] In *Matter of Castro-Tum*, 27 I. & N. Dec. 271 (BIA 2018), the BIA overruled *Avetisayan*, but "the Attorney General has since overruled *Castro Tum* and restored the *Avetisyan* standard." *Marquez-Reyes v. Garland*, 36 F.4th 1195, 1209 (9th Cir. 2022).

Additionally, Gonzalez Morales summarily asserted that "[t]he likely outcome of the proceeding is termination if the I-360 is granted." But again, he did not explain why it was likely that the I-360 would be granted or why it would then be likely that termination of removal proceedings would be granted. The presumed result of a successful I-360 petition would be an opportunity to seek adjustment of status, but that application required, among other things, the exercise of discretion in his favor. Given that the IJ had already concluded that his applications for cancellation of removal and voluntary departure should be denied because he did not warrant favorable exercise of discretion, the failure to explain why Petitioner would prevail was a notable omission.

The BIA's explanation for its denial was brief—we might have benefitted from a bit of elaboration—but it reflected the skeletal motion before it. The BIA specifically noted that the anticipated duration of closure was "unknown," that the I-360 petition had not yet been approved, and that, even were it approved, Petitioner had not argued or established why the removal proceedings should be terminated. We cannot conclude that the BIA abused its discretion in finding Petitioner's explanation lacking and denying the motion for administrative closure.

**PETITION DENIED IN PART and DISMISSED IN PART.**



*Gonzalez-Morales v. Bondi*, No. 23-1942 (Phoenix – February 3, 2024)

BYBEE, Circuit Judge, dissenting in part:

I join the majority opinion except for Part 3, which concludes that the BIA did not abuse its discretion by denying Jorge Gonzalez-Morales's motion for administrative closure of his removal proceedings.

Administrative closure "is a docket management tool that is used to temporarily pause removal proceedings." *Matter of W-Y-U-*, 27 I. & N. Dec. 17, 18 (BIA 2017) (citations omitted). "In general, administrative closure may be appropriate to await an action or event that is relevant to immigration proceedings but is outside the control of the parties or the court and may not occur for a significant or undetermined period of time." *Matter of Avetisyan*, 25 I. & N. Dec. 688, 692 (BIA 2012).

The BIA weighs six factors when a party requests administrative closure. *Id.* at 696. One of these factors is "the ultimate outcome of removal proceedings," which may include "termination of the proceedings or entry of a removal order." *Id.* Here, Gonzalez-Morales argued that "the likely outcome of the proceedings is termination if [his] I-360" self-petition under VAWA is granted. Gonzalez-Morales attached USCIS's Form I-797C "Notice of Action" indicating that the agency received his application. Gonzalez-Morales also attached USCIS's "Prima Facie Determination" that his "petition has been reviewed and found to establish a prima

1

facie case for classification under the self-petitioning provisions of the Violence Against Women Act." Finally, Gonzalez-Morales cited *Matter of Avetisyan*, which describes the standard for administrative closure. *See id.* But the BIA denied Gonzalez-Morales's motion, in part because it found that he had "not argued or established any basis for termination of proceedings, even assuming his petition is approved."

To the extent that the BIA suggested that Gonzalez-Morales never "argued" any basis for termination of his removal proceedings, it abused its discretion. *See Vitug v. Holder*, 723 F.3d 1056, 1064 (9th Cir. 2013) ("[T]he BIA abuses its discretion where it ignores arguments or evidence."). Gonzalez-Morales argued that "termination" was "likely" if his I-360 VAWA self-petition were granted, attached evidence of that pending petition, and cited to *Matter of Avetisyan*, which determined that administrative closure was "appropriate" where a noncitizen awaited adjudication of a visa petition that, if adjudicated in her favor, would give her the "ability" to "apply for adjustment of status," which, if granted, would "warrant termination of [her] proceedings." *See* 25 I. & N. at 692, 697. I would find that Gonzalez-Morales "argued" a "basis for termination."

To the extent that the BIA made an unreasoned determination Gonzalez-Morales's removal proceedings could not be terminated, the BIA abused its discretion. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) (We have

2

"long held that the BIA abuses its discretion when it fails to provide a reasoned explanation for its actions."). Here, as the VAWA self-petitioning parent of a United States citizen, Gonzalez-Morales would be immediately eligible to apply for adjustment of status upon approval of his I-360. *See Matter of Avetisyan*, 25 I. & N. at 697. Yet the BIA indicated, without explanation, that Gonzalez-Morales's "circumstances" did not permit termination, even though USCIS formally determined that he had a prima facie case for relief under VAWA. By failing to explain why termination would be unavailable for Gonzalez-Morales, the BIA deprived us of the opportunity to meaningfully determine whether it correctly applied the law.

I respectfully dissent from the majority's decision denying Gonzalez-Morales's petition to review the BIA's decision to decline Gonzalez-Morales's motion for administrative closure. I would grant the petition for review in part, vacate the BIA's denial of Gonzalez-Morales's motion for administrative closure, and remand to the BIA for further consideration.