**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSCAR MEZA-GARCIA, | No.   23-3438 |
| Petitioner, | Agency No.  A087-458-886 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 5, 2024**
Phoenix, Arizona

Before:     HAWKINS, TASHIMA, and OWENS, Circuit Judges.

Petitioner Oscar Meza-Garcia, a native and citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals (BIA).  The BIA

dismissed Petitioner's appeal of a decision of the Immigration Judge (IJ), who

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

denied his application for withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition.

1. The agency's adverse credibility finding is not supported by substantial evidence. *See Munyuh v. Garland*, 11 F.4th 750, 758 (9th Cir. 2021) ("We review adverse credibility determinations under the substantial-evidence standard."). The BIA relied primarily on a purported inconsistency between Petitioner's interview before the asylum officer and his testimony before the IJ. However, Petitioner's answer to the asylum officer's question of whether he was physically abused or harmed was that the Zetas pointed their guns at him and swore at him, which is consistent with his testimony before the IJ that the Zetas pushed him and pointed a gun at him. *See id.* (stating that, although review of a credibility finding is deferential, there are "limits to the deference we owe the agency," and that "[t]he credibility determination must 'be "reasonable" and "take into consideration the individual circumstances" of the applicant'" (quoting *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010))).

The agency's reasons for the adverse credibility finding are based on impermissible speculation and conjecture. The IJ found it not credible that Petitioner would temporarily go to Monterrey without his wife, that he would

2

return to his business after fleeing to Monterrey, and that he would leave Orizaba. But, the IJ's reasoning is speculative and not supported by substantial evidence because Petitioner explained the reasons for those decisions. *See Joseph v. Holder*, 600 F.3d 1235, 1245–46 (9th Cir. 2010) (concluding that the IJ erred when she "improperly speculated that [the immigrant] never intended to travel to Mexico to study computer science," and that "[t]he IJ and BIA engaged in speculation when they assumed that [the immigrant's] failure to leave Haiti sooner undermined his credibility"); *Li v. Holder*, 559 F.3d 1096, 1103 (9th Cir. 2009) (stating that the IJ's "scatter-shot justifications for his adverse credibility determination . . . are riddled with speculation," such as the IJ's finding that he did not understand why the immigrant did not "want to stay in South Korea, especially given that 'he speaks Korean fluently and is of Korean nationality'").

Because the adverse credibility finding is not supported by substantial evidence, we grant the petition and remand for the BIA to consider whether, "if [Petitioner] were deemed credible, he would have established eligibility for . . . withholding of removal[] or protection under the CAT." *Iman v. Barr*, 972 F.3d 1058, 1069 (9th Cir. 2020); *see also Joseph*, 600 F.3d at 1247 (where the adverse credibility finding was not supported by substantial evidence, granting the petition

and remanding for the BIA "to determine whether, accepting [the petitioner's] testimony as credible, he is eligible for relief").

2.    On remand, the BIA should reconsider its internal relocation analysis because it conflated the relocation analysis for withholding of removal and CAT. *See Akosung v. Barr*, 970 F.3d 1095, 1101 (9th Cir. 2020) (explaining that the consideration of relocation in the CAT context differs from relocation in the asylum and withholding of removal contexts because, unlike asylum and withholding of removal, "[t]he CAT regulation does not bar relief if an applicant could relocate"); *see also Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 705 (9th Cir. 2022) ("Indeed, the asylum and CAT regulations with respect to the relocation factor 'differ markedly.'" (quoting *Maldonado v. Lynch*, 786 F.3d 1155, 1163 (9th Cir. 2015) (en banc))).  The BIA also must reconsider its relocation analysis because, in the context of asylum and withholding of removal, the burden shifts from the petitioner to the government if the applicant establishes past persecution. Here the BIA did not consider burden shifting due to its adverse credibility finding. *Singh v. Garland*, 97 F.4th 597, 606–07 (9th Cir. 2024); *Singh v. Whitaker*, 914 F.3d 654, 659 (9th Cir. 2019); *see* 8 C.F.R. §1208.16(b)(1)(ii).

3.    The BIA failed to consider Petitioner's evidence supporting his CAT claim, such as the evidence regarding his business location and the government's

4

unwillingness to control the Zetas, stating that the only evidence supporting his claim was his "discredited testimony" and "general reports." *See Bhattarai v. Lynch*, 835 F.3d 1037, 1047 (9th Cir. 2016) ("We note that an adverse credibility determination in the asylum context does not necessarily support denial of an applicant's CAT claim."). The agency also should reconsider Petitioner's CAT claim on remand because of the improper relocation analysis. *See Singh*, 97 F.4th at 609 (stating that "[w]here . . . the BIA erred in its relocation analysis, we do not ignore the error to see if substantial evidence nevertheless supports the agency's determination").

4. The Board also should reconsider its denial of Petitioner's request for administrative closure. Contrary to the BIA's statement that the primary consideration is the likelihood of the applicant's success on the petition or application, in 2021, the agency reiterated "that 'the primary consideration for an Immigration Judge in determining whether to administratively close' a case over a party's objection 'is whether the party opposing administrative closure has provided a persuasive reason for the case to proceed and be resolved on the merits.'" *Matter of Cruz-Valdez*, 28 I. & N. Dec. 326, 329 (U.S. Att'y Gen. 2021) (quoting *Matter of W-Y-U-*, 27 I. & N. Dec. 17, 20 (BIA 2017)). The BIA did not

address whether the government had provided a persuasive reason for the case to proceed.

Administrative closure has been applied "to pause cases while the United States Citizenship and Immigration Services . . . adjudicates a noncitizen's pending visa petition, or a noncitizen facing removal on criminal grounds pursues direct appeal or post-conviction relief in criminal court." *Id.* at 326–27. Similar to Petitioner's U visa application, the results of a pending visa petition or criminal appeal are uncertain, "outside the control of the parties or the court and may not occur for a significant or undetermined period of time." *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 889 (9th Cir. 2018) (quoting *Matter of Avetisyan*, 25 I. & N. Dec. 688, 695 (BIA 2012)). The BIA thus abused its discretion by failing to consider the most important factor and by denying Petitioner's request on the basis that "it cannot be determined whether [Petitioner] is likely to be granted the U visa, and whether such event would occur within a reasonable period of time." Those two factors are, in fact, considerations that make administrative closure appropriate. *See Gonzalez-Caraveo*, 882 F.3d at 889 ("Generally, administrative closure is proper when the parties are 'await[ing] an action or event that is relevant to immigration proceedings but is outside the control of the parties or the court and

6

may not occur for a significant or undetermined period of time.'" (quoting *Avetisyan*, 25 I. & N. Dec. at 692)).

The petition for review is **GRANTED** and the matter is **REMANDED**.