**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSALIO OROZCO-NAVARRO,<br><br>  Petitioner,<br><br>  v.<br><br>PAMELA BONDI, Attorney General,<br><br>  Respondent. | No. 24-2161<br><br>Agency No.<br>A087-527-951<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 3, 2025**
Phoenix, Arizona

Before: W. FLETCHER, WALLACH, and R. NELSON, Circuit Judges.***

Petitioner Rosalio Orozco-Navarro ("Orozco-Navarro") petitions for review

of the decision of the BIA.  Orozco-Navarro is a native and citizen of Mexico.  For

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Evan J. Wallach, United States Circuit Judge for the Federal Circuit, sitting by designation.

the reasons discussed below, we deny his petition for review.[1]

Orozco-Navarro's appeal to this Court concerns the BIA's March 11, 2024 decision. The BIA dismissed Orozco-Navarro's appeal of the July 10, 2019 decision of the IJ. That IJ order pertained to a merits hearing on Orozco-Navarro's application for withholding of removal and protection under the Convention Against Torture ("CAT"). The IJ's order was mostly limited to noting and effectuating Orozco-Navarro's knowing and voluntary withdrawal of his application:

> At the commencement of the merit hearing scheduled for today, the applicant through counsel informed the court that he wishes to withdraw his application for withholding of removal and also for protection under the Convention Against Torture. Upon questioning of the applicant directly, the court determined that the applicant had made a knowing, intelligent, and voluntary withdrawal of his application. Accordingly, . . . the applicant's application for withholding of removal under the Act is withdrawn [and] the applicant's application for protection under the Convention Against Torture is withdrawn.

The issues that were originally part of Orozco-Navarro's case before the IJ are not the issue that he now raises on appeal. Orozco-Navarro's case had reached the IJ because the Department of Homeland Security ("DHS") had reinstated a prior removal order for him pursuant to 8 U.S.C. § 1231(a)(5). Orozco-Navarro had expressed a fear of persecution or torture if he returned to Mexico. Thus, the matter was referred to the IJ for determination through a "withholding only"

---

[1] Because the parties are familiar with the facts, we do not fully recount them here.

proceeding to determine whether Orozco-Navarro was eligible for withholding of removal or protection under CAT. By contrast, Orozco-Navarro now exclusively challenges the BIA's denial of a request he made for administrative closure in briefing to the BIA.[2]

Orozco-Navarro's motion for administrative closure is not meritorious. We review administrative closure decisions for abuse of discretion. *See Marquez-Reyes v. Garland*, 36 F.4th 1195, 1208–09 (9th Cir. 2022). Orozco-Navarro's argument to this Court, which is the same as his argument to the BIA, is that he deserves administrative closure because he is not a high priority for removal due to his positive equities. He specifically points to his allegedly satisfying the factors in *Avetisyan*. *See generally* 25 I. & N. Dec. at 696. We have said that "[t]he *Avetisyan* factors provide a meaningful standard for this Court to assess the propriety of administrative closure decisions." *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 891 (9th Cir. 2018) (citing *Avetisyan*, 25 I. & N. Dec. at 696). Orozco-

---

[2] *See generally Matter of Avetisyan*, 25 I. & N. Dec. 688, 692 (BIA 2012) ("In general, administrative closure may be appropriate to await an action or event that is relevant to immigration proceedings but is outside the control of the parties or the court and may not occur for a significant or undetermined period of time."). "[Administrative closure] is a docket management tool that is used to temporarily pause removal proceedings. Administrative closure is not a form of relief from removal and does not provide an alien with any immigration status. After a case has been administratively closed, either party may move to recalendar it before the Immigration Court . . . ." *Matter of W-Y-U-*, 27 I. & N. Dec. 17, 18 (BIA 2017) (citation omitted).

Navarro's good citizenship is, at most, only partially responsive to the *Avetisyan* factors. Orozco-Navarro's argument says nothing of *Avetisyan* factors such as "the likelihood the respondent will succeed" and "the anticipated duration of the closure." 25 I. & N. Dec. at 696. Orozco-Navarro's alleged priority for removal is not an *Avetisyan* factor as *Avetisyan* has been interpreted by subsequent BIA decisions. *W-Y-U-*, 27 I. & N. Dec. at 19 ("Since prosecutorial discretion is a matter within the exclusive jurisdiction of the DHS, it follows that in considering administrative closure, an Immigration Judge cannot review whether an alien falls within the DHS's enforcement priorities . . . ."). Furthermore, by withdrawing his application for withholding of removal and protection under CAT, Orozco-Navarro terminated his proceedings and there is nothing left to administratively close. Orozco-Navarro's petition for review is nothing more than an attempt to use administrative closure "to avoid an order regarding his deportability and all of the associated consequences." *See Avetisyan*, 25 I. & N. Dec. at 692. The BIA did not abuse its discretion.

**PETITION DENIED.**