**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 7 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GREGORIO DANIEL LARA-
RODRIGUEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3404

Agency No.
A204-804-188

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 16, 2025
Pasadena, California

Before: MURGUIA, Chief Judge, and BENNETT and JOHNSTONE, Circuit
Judges.
Dissent by Judge BENNETT.

Teodoro Gregorio Daniel Lara Rodriguez, a native and citizen of Mexico,

petitions for review of a Board of Immigration Appeal's ("BIA") decision

dismissing his appeal and denying his motion for administrative closure of his

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

removal proceedings.[1]  We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition.

The BIA's denial of a motion for administrative closure is reviewed for abuse of discretion.  *See Marquez-Reyes v. Garland*, 36 F.4th 1195, 1209 (9th Cir. 2022).[2]  The BIA evaluates a request for administrative closure by considering six non-exclusive factors.  *See Matter of Avetisyan*, 25 I. & N. Dec. 688, 696 (B.I.A. 2012).  Among these factors, "the primary consideration . . . is whether the party opposing administrative closure has provided a persuasive reason for the case to proceed and be resolved on the merits."  *Matter of W-Y-U-*, 27 I. & N. Dec. 17, 20 (B.I.A. 2017).

Lara Rodriguez sought administrative closure to pursue lawful permanent residence through consular processing.  The BIA denied Lara Rodriguez's motion because it concluded that Lara Rodriguez could not "identify any petition, application, or other action he is currently and actively pursuing outside of his removal proceedings."  The BIA also observed that administrative closure was not

[1] Before this court, Lara Rodriguez seeks review only of the denial of his motion for administrative closure.

[2] Lara Rodriguez argues that review should be de novo following the Supreme Court's decision in *Wilkinson v. Garland*, 601 U.S. 209 (2024).  Even if the BIA's decision to deny administrative closure constitutes a mixed question of law and fact under *Wilkinson*, "[b]ecause this mixed question is primarily factual, . . . review is deferential."  *Id.* at 225.  Accordingly, *Wilkinson* does not affect the standard of review.

warranted because Lara Rodriguez "may pursue lawful permanent residence through consular processing." Lara Rodriguez argues that, in doing so, the BIA abused its discretion because it was on notice that he would seek a Provisional Unlawful Presence Waiver ("I-601A waiver") as part of his consular processing, and because the BIA failed to address the most important factor in the *Avetisyan* analysis. We agree.

First, although Lara Rodriguez's motion did not make explicit that he would apply for an I-601A waiver as part of his consular processing, he indicated as much to the IJ, and the Government likewise presumed he would apply for the waiver. In addition, it is clear that an individual in Lara Rodriguez's position would only seek administrative closure under these circumstances in order to apply for an I-601A waiver. Whereas "noncitizens in removal proceedings are ineligible for a provisional unlawful presence waiver 'unless the[ir] removal proceedings are administratively closed,'" they may, as the BIA observed, pursue consular processing without administrative closure. *Matter of Cruz-Valdez*, 28 I. & N. Dec. 326, 327 (Att'y Gen. 2021) (quoting 8 C.F.R. § 212.7(e)(4)(iii)).[3]

---

[3] After the BIA issued its decision, the Executive Office of Immigration Review promulgated a final rule codifying and expanding the *Avetisyan* factors. *See* 8 C.F.R. § 1003.1(l)(3)(i). While the BIA did not have the benefit of the codified standard when it denied Lara Rodriguez's motion, the new standard now directs the BIA to consider whether a case must be "administratively closed in order for a petition, application, or other action to be filed with, or granted by, DHS," as is the case with an I-601A waiver. *Id.* § 1003.1(l)(3)(i)(C); *see Efficient Case and*

24-3404

Indeed, the BIA has advised that the approval of a spousal visa petition may create a situation in which administrative closure is proper. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 889–90 (9th Cir. 2018) ("One such example would be when an individual 'demonstrates that he or she is the beneficiary of an approved visa petition filed by a lawful permanent resident spouse who is actively pursuing, but has not yet completed, an application for naturalization.'" (quoting *Avetisyan*, 25 I. & N. Dec. at 696)). Here, however, the BIA appeared to weigh the fact that the I-130 petition Lara Rodriguez's spouse filed on his behalf had been approved against granting administrative closure. Given that "the BIA has a duty to review the record," *Tukhowinich v. I.N.S.*, 64 F.3d 460, 463 (9th Cir. 1995), which here contained evidence that Lara Rodriguez intended to apply for an I-601A waiver, its failure to properly assess why Lara Rodriguez sought administrative closure was an abuse of discretion, *see Vitug v. Holder*, 723 F.3d 1056, 1064 (9th Cir. 2013) ("[T]he BIA abuses its discretion where it ignores arguments or evidence.").

Second, the BIA did not address whether the government had "provided a persuasive reason for the case to proceed." *Matter of W-Y-U-*, 27 I. & N. Dec at 20. Although the BIA briefly noted in its recitation of the case's procedural history that the Government had not filed a response, it failed to identify how this fact affected the *Avetisyan* analysis. This too was an abuse of discretion. *See Arrozal*

*Docket Management in Immigration Proceedings*, 89 Fed. Reg. 46,742, 46,750 (May 29, 2024).

*v. I.N.S.*, 159 F.3d 429, 433 (9th Cir. 1998) ("[T]he BIA must indicate how it weighed [the relevant] factors and indicate with specificity that it heard and considered petitioner's claims.").

The case is remanded to the BIA for reconsideration of Lara Rodriguez's request for administrative closure.

**PETITION GRANTED AND REMANDED.**[4]

---

[4] The Government's motion to withdraw as counsel (Doc. 32) is GRANTED.

*Lara-Rodriguez v. Bondi*, No. 24-3404

BENNETT, Circuit Judge, dissenting:

I agree with the majority that we review the Board of Immigration Appeals' denial of a motion for administrative closure for abuse of discretion. But because I disagree with the majority that the BIA abused its discretion in denying Petitioner Teodoro Gregorio Daniel Lara Rodriguez's motion for administrative closure, I would deny the petition.

First, the BIA properly reviewed the record. In the majority's view, although "Lara Rodriguez's motion did not make explicit that he would apply for an I-601A waiver as part of his consular processing, he indicated as much to the IJ." Maj. at 3. But I believe the record shows that Lara Rodriguez did not "indicate[] as much." And more importantly, he did not do so in his counseled motion for administrative closure filed *after* the proceedings before the IJ.

Lara Rodriguez's *counseled* motion filed before the BIA asked for administrative closure on one basis only—adjustment through the consular process. "Administrative closure is sought in this case, because [Lara Rodriguez] qualifies for alternate relief—Adjustment of Status through Consular Process. Because [Lara Rodriguez] does not have an unlawful entry bar, and is married to a U.S. citizen spouse, he qualifies for Adjustment of Status Consular Process." The complete

1

failure of Lara Rodriguez's counsel to even mention an I-601A waiver in the motion for administrative closure should by itself end our *abuse of discretion* inquiry.

Further, as the government correctly describes, "[n]ot only did Mr. Lara-Rodriguez's counseled motion not mention that he was seeking an I-601A waiver, it seemingly asserted one was not necessary *because he did 'not have an unlawful entry bar.'*" (emphasis added). Because an I-601A waiver is needed only if there *is* an unlawful entry bar, the counseled motion necessarily disclaimed any need for an I-601A waiver. *See* 8 C.F.R. § 212.7(a)(1). Again, it is hard to see how the BIA could have abused its discretion in not taking up an issue that Lara Rodriguez not only failed to raise in his counseled motion, but legally disclaimed.

Turning to the hearing before the IJ (which of course did not involve the later motion for administrative closure), the only time Lara Rodriguez's counsel even mentioned an I-601A waiver was in telling the IJ that "if you wanted to give a continuance for the filing of an I-130 . . . [Lara Rodriguez] would be eligible for the 601, 601A unlawful presence waiver." This does not (either explicitly or even implicitly) show that Lara Rodriguez planned to apply for a waiver. To the extent that the government mentioned Lara Rodriguez's potential receipt of an I-601A waiver before the IJ, it only referenced the grant of such waiver as one possible outcome counseling against a finding of exceptional or extremely unusual hardship. This passing mention by the government of course says nothing about

*Lara Rodriguez's* intent to apply for an I-601A waiver. At most, the record reflects that if the BIA had chosen not to take the counseled motion for administrative closure at face value, it *could* have considered the possibility of an I-601A waiver. But the BIA was not *required* to do so, such that its failure to do so was an abuse of discretion. As the government aptly states: "The Board should not be deemed to have abused its discretion because it took Mr. Lara-Rodriguez's counseled motion at face value."[1]

Nor does it help Lara Rodriguez even if the BIA routinely considers administrative closure when an I-601A waiver is at issue. *See* Maj. at 3–4. Indeed, I think this weighs against Lara Rodriguez. Presumably, in the routine instances in which noncitizens seek administrative closure to obtain I-601A waivers, they tell the

---

[1] This court holds issues not properly before us to be waived or forfeited. *See United States v. Scott*, 705 F.3d 410, 415 (9th Cir. 2012). And we need not scour the record for the potential scope of parties' arguments. *See Clark v. Chappell*, 936 F.3d 944, 982 (9th Cir. 2019) (per curiam) ("[J]udges are not like pigs, hunting for truffles buried in briefs." (alteration in original) (quoting *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994)).

The issue of Lara Rodriguez's receiving an I-601A waiver was at most implicitly before the BIA (and, for the reasons explained above, not actually before the BIA at all). But in holding that the BIA *abused its discretion* in declining to address an issue at most peripherally before it, the majority imposes a far stricter requirement on the BIA to divine the scope of arguments than we impose on ourselves. I believe that such a requirement is particularly inapt here, given that the BIA's decision to grant (or deny) administrative closure is *wholly* discretionary. *See Matter of Avetisyan*, 25 I. & N. Dec. 688, 694 (B.I.A. 2012) ("[T]he Immigration Judges and the Board have the authority, in the exercise of independent judgment and discretion, to administratively close proceedings").

3

BIA that in their motions. Further, as the government identified and Lara Rodriguez's counsel conceded during oral argument, Lara Rodriguez never made any representations to the BIA—at any point—that he was seeking an I-601A waiver, including after he moved for administrative closure (which was at a time when he still could have updated the BIA). Oral Arg. at 13:22–13:56; 22:12–22:37; 23:33–23:57. When pressed as to why Lara Rodriguez had not done so, his counsel expressed the position—in my view, untethered to the record—that it would have been "illogical" for the BIA not to have considered the grant of an I-601A waiver. Oral Arg. at 25:06–25:53.

Next, contrary to the majority's assertion, Maj. at 4, the BIA *did* adequately address that the government filed no opposition to the motion for administrative closure. The BIA stated that "[t]he Department of Homeland Security has not filed a response brief to the appeal or the motion [for administrative closure]." There was nothing more to say. And while *Matter of W-Y-U-*, 27 I. & N. Dec. 17 (B.I.A. 2017), establishes that the primary consideration for the BIA "is whether the party opposing administrative closure has provided a persuasive reason for the case to proceed and be resolved on the merits," *id*. at 20, the Executive Office for Immigration Review has since made clear that "[n]o single factor is dispositive," *Efficient Case and Docket Management in Immigration Proceedings*, 89 Fed. Reg. 46742, 46774 (May. 29, 2024) (codified at 8 C.F.R. § 1003.1(*l*)(3)).

4

And in addition to considering the government's opposition to Lara Rodriguez's motion (or lack thereof), the BIA did apply several other factors as required. *See Matter of Avetisyan*, 25 I & N. Dec. 688, 696 (B.I.A. 2012) (identifying the relevant factors as "(1) the reason administrative closure is sought; (2) the basis for any opposition to administrative closure; (3) the likelihood the respondent will succeed on any petition, application, or other action he or she is pursuing outside of removal proceedings; (4) the anticipated duration of the closure; (5) the responsibility of either party, if any, in contributing to any current or anticipated delay; and (6) the ultimate outcome of removal proceedings").

The BIA considered the reason Lara Rodriguez sought administrative closure (pursuant to his own representations) and the likelihood Lara Rodriguez would succeed on any other petitions, applications, or other actions (none of which he identified).[2] The BIA also considered the outcome of removal proceedings: "We take administrative notice that, according to the United States Citizenship and Immigration Services' . . . electronic website, [Lara Rodriguez]'s pending spousal visa petition was approved on May 3, 2022." Neither the anticipated duration of the

---

[2] "[Lara Rodriguez] does not identify any petition, application, or other action he is currently and actively pursuing outside of his removal proceedings." And again, during the 30 months between Lara Rodriguez's moving for administrative closure in November 2021 and the BIA's denying his motion for administrative closure in May 2024, Lara Rodriguez never informed the BIA that he was seeking an I-601A waiver.

5

requested closure (presumably permanent, given Lara Rodriguez's receiving a spousal visa) nor the responsibility of any party in contributing to any delay was at issue.

In sum, the BIA properly applied the *Avetisyan* factors in denying Lara Rodriguez's counseled motion for administrative closure. Because the BIA did not act "arbitrarily, irrationally, or contrary to law," *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 702 (9th Cir. 2022), I would deny the petition. I thus respectfully dissent.