# Matter of H-C-R-C-, Respondent

*Decided June 20, 2024*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Applicants bear the burden of establishing their own credibility, and no statute or legal precedent compels an Immigration Judge to conclude that an applicant's testimony is credible.

(2) Rape is sufficiently severe to constitute torture and can never be a lawful sanction under the Convention Against Torture.

FOR THE RESPONDENT: Nancy Oretskin, Esquire, Las Cruces, New Mexico

FOR THE DEPARTMENT OF HOMELAND SECURITY: Evan S. Qarana, Assistant Chief Counsel

BEFORE: Board Panel: CREPPY, HUNSUCKER, and PETTY, Appellate Immigration Judges.

HUNSUCKER, Appellate Immigration Judge:

The respondent, a native and citizen of El Salvador, appeals from the Immigration Judge's April 19, 2023, decision denying his applications for asylum and withholding of removal under sections 208(b)(1)(A) and 241(b)(3)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(b)(1)(A), 1231(b)(3)(A) (2018), and protection under the regulations implementing the Convention Against Torture ("CAT").[1] The Department of Homeland Security filed a brief opposing the appeal. Because we conclude that the Immigration Judge's credibility determination was based on an error of law and the Immigration Judge made insufficient factual findings, the record will be remanded.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent claims he suffered past persecution and fears future persecution at the hands of the police and gang members in El Salvador. He

---

[1] The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85 (entered into force for United States Nov. 20, 1994). 8 C.F.R. §§ 1208.16(c)–1208.18 (2020).

testified that he was detained and falsely accused of a crime by police during a sweep of his neighborhood. The respondent testified that he stood up to a corrupt police officer and, in retaliation, was jailed, beaten, and transferred to a prison for gang members. He further testified that he was beaten and raped in prison. After his release from prison, the respondent allegedly was detained twice by the police on suspicion of being a gang member and beaten and sexually assaulted.

The Immigration Judge found "aspects of the respondent's testimony speculative, vague" and seemingly "not plausible." However, the Immigration Judge concluded that "in light of precedent, the court finds it's compelled to conclude respondent was a credible witness." Notwithstanding this finding, the Immigration Judge questioned whether the respondent was, in fact, sexually assaulted by police officers and concluded that the respondent had not established eligibility for CAT protection because the likelihood of future torture was "speculative." During the hearing, when addressing whether the respondent had been tortured in the past, the Immigration Judge said that rape "may not be pleasant, but it's not torture," and stated that rape in prison by gang members is "not torture, because he's in prison for hav[ing] committ[ed] a crime. It's [a] lawful sanction[]."[2]

On appeal, the respondent argues that having found him credible, the Immigration Judge erred by failing to meaningfully credit his evidence. Specifically, the respondent claims that "after finding [the respondent] credible, the IJ must accept as true all the facts to which [the respondent] testified." The respondent also claims he was denied due process when the Immigration Judge advanced the hearing date without providing the respondent sufficient time to prepare his case. Finally, the respondent requests that his case be assigned to a different Immigration Judge on remand.

## II. CREDIBILITY

An applicant for asylum or withholding of removal bears the burden of proof to establish eligibility for relief or protection from removal. *See* INA §§ 208(b)(1)(B)(i), 240(c)(4)(A), 241(b)(3)(C), 8 U.S.C. §§ 1158(b)(1)(B)(i), 1229a(c)(4)(A), 1231(b)(3)(C) (2018); *see also Matter of S-M-J-*, 21 I&N Dec. 722, 723 (BIA 1997). An applicant's testimony alone may be sufficient to satisfy this burden, "but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is

---

[2] We recognize that the Immigration Judge's oral comments are open to differing interpretations. In that regard, the lawful sanction to which he was referring may have been the respondent's imprisonment, or he may have been inadvertently conflating acquiescence with severity of harm rather than opining whether rape in prison is a lawful sanction.

persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." INA § 208(b)(1)(B)(ii), 8 U.S.C. § 1158(b)(1)(B)(ii); *see also* 8 C.F.R. § 1208.16(c)(2) (allocating the burden of proof to the applicant in the context of CAT protection).

In Immigration Court, there is no presumption that an applicant is credible. INA §§ 208(b)(1)(B)(iii), 240(c)(4)(C), 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1229a(c)(4)(C). Applicants bear the burden of establishing their own credibility, just as they bear the burden of proof on the other elements needed to establish eligibility for relief or protection. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) ("A petitioner carries the burden of persuading the fact finder that the evidence offered is credible."). The lack of an explicit adverse credibility determination affords the respondent a rebuttable presumption of credibility on appeal to the Board, "[b]ut no such presumption applies in antecedent proceedings before an IJ." *Garland v. Ming Dai*, 593 U.S. 357, 367–68 (2021); *see also* INA §§ 208(b)(1)(B)(iii), 240(c)(4)(C), 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1229a(c)(4)(C).

An Immigration Judge may credit all, some, or none of an applicant's testimony, so long as the finding considers "the totality of the circumstances and all relevant factors." INA §§ 208(b)(1)(B)(iii), 240(c)(4)(C), 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1229a(c)(4)(C); *see also Ming Dai*, 593 U.S. at 366 (noting an Immigration Judge, "like any reasonable factfinder, is free to 'credit part of [a] witness' testimony without' necessarily 'accepting it all'" (alteration in original) (quoting *Banks v. Chi. Grain Trimmers Ass'n.*, 390 U.S. 459, 467 (1968))). This finding may be based, among other factors, on "the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements." INA §§ 208(b)(1)(B)(iii), 240(c)(4)(C), 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1229a(c)(4)(B). If the Immigration Judge finds the respondent not credible, that finding "must be supported by specific and cogent reasons." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009) (quoting *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005)).

However, the absence of a clear adverse credibility finding does not mean the respondent's testimony must be deemed objectively true. *See Ming Dai*, 593 U.S. at 365–66 (explicitly rejecting the "deemed-true-or-credible rule"). The INA provides that when determining whether a respondent has met his burden of proof, the agency "may weigh the credible testimony along with other evidence of record." INA § 208(b)(1)(B)(ii), 8 U.S.C. § 1158(b)(1)(B)(ii). Thus, even if we or the Immigration Judge treat the

respondent's evidence as credible, we need not find the evidence persuasive or sufficient to meet the requisite burden of proof. *Ming Dai*, 593 U.S. at 371. "It's easy enough to imagine that a factfinder might not describe the plaintiff as lacking credibility—in the sense that she was lying or not 'worthy of belief,'—yet find that her testimony on a key fact was outweighed by other evidence and thus unpersuasive or insufficient . . . ." *Id.* at 372 (citation omitted). "It's not always the case that credibility equals factual accuracy, nor does it guarantee a legal victory." *Id.*

The Board reviews factual findings for clear error and relies on "Immigration Judges to make comprehensive findings of fact, including explicit findings as to the credibility of witnesses, rather than just those findings pertinent to one issue that the Immigration Judge may deem dispositive of the case." *Matter of S-H-*, 23 I&N Dec. 462, 465 (BIA 2002); *see also* 8 C.F.R § 1003.1(d)(3)(i) (2020). That was not done here, as the Immigration Judge erroneously determined that legal precedent compelled him to conclude that the respondent testified credibly. However, no statute or legal precedent compels an Immigration Judge to conclude that a respondent's testimony is credible.[3] *See, e.g.*, *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 749 (9th Cir. 2022) (holding that the Immigration Judge is not obligated to extend an applicant "a presumption of total credibility or the benefit of every doubt"); *Luna-Romero v. Barr*, 949 F.3d 292, 295 (6th Cir. 2020) ("Since 2005, . . . the asylum statute has given immigration judges wide latitude to find testimony not credible."). An Immigration Judge's fact-finding on credibility is constrained only by the testimony presented and other evidence of record. *See* INA §§ 208(b)(1)(B)(iii), 240(c)(4)(C), 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1229a(c)(4)(C).

On appeal, the respondent makes numerous arguments challenging aspects of the Immigration Judge's decision on the merits of his applications. However, because the Immigration Judge did not make comprehensive findings of fact, we cannot make dispositive determinations regarding the respondent's arguments. In this respect, the respondent challenges the Immigration Judge's conclusion that he was convicted of a serious nonpolitical crime. "The evaluation of a serious nonpolitical crime is conducted on a case-by-case basis considering the facts and circumstances presented." *Matter of E-A-*, 26 I&N Dec. 1, 3 (BIA 2012). The respondent asserts that he was not a member of a gang and did not engage in criminal

---

[3]  Before the United States courts of appeals, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." INA § 242(b)(4)(B), 8 U.S.C. § 1252(b)(4)(B). However, this "compelled to conclude" standard has no applicability to an Immigration Judge making findings of fact in the first instance or, indeed, to the Board's review of those findings. *See* 8 C.F.R. § 1003.1(d)(3)(i) (setting forth the Board's standard of review).

activity but was framed by police in an act of retribution. However, some of the documentary evidence states that the respondent was a member of the 18th Street Gang and was convicted in El Salvador for a drug-related offense. Thus, further fact-finding is necessary on this issue, particularly considering that the Immigration Judge's credibility finding was premised on an error of law.

## III. CONVENTION AGAINST TORTURE

The respondent further argues that the Immigration Judge erred in finding that he did not suffer past torture and in denying his claim for CAT protection. *See* 8 C.F.R. § 1208.16(c)(3)(i) (directing consideration of past torture in assessing the likelihood of future torture). The Immigration Judge made statements that could be read to suggest that rape in prison by inmates cannot constitute torture as a matter of law because it is a common occurrence during incarceration.

Rape clearly rises to the level of torture. It is "an extreme form of cruel and inhuman treatment" that causes "severe pain or suffering" and is therefore mistreatment sufficiently severe to qualify for protection under the CAT where the other elements are established. 8 C.F.R. § 1208.18(a)(1)–(2); *see Zubeda v. Ashcroft,* 333 F.3d 463, 472 (3d Cir. 2003) ("Rape can constitute torture. Rape is a form of aggression constituting an egregious violation of humanity."), *abrogated on other grounds by Auguste v. Ridge*, 395 F.3d 123, 148 (3d Cir. 2005). As the Immigration Judge noted, torture does not include pain or suffering arising from lawful sanctions. 8 C.F.R. § 1208.18(a)(3). However, a lawful sanction must be "judicially imposed" or otherwise "authorized by law." *Id.* While incarceration is a lawful sanction, rape by fellow inmates is not. Additionally, a lawful sanction cannot "defeat the object and purpose of the Convention Against Torture to prohibit torture." *Id.* Thus, rape is sufficiently severe to constitute torture and can never be a lawful sanction under the CAT.

While rape is sufficiently severe to meet the definition of torture under the regulations, and past torture must be considered under 8 C.F.R. § 1208.16(c)(3)(i) in determining eligibility for protection under the CAT, the severity of past harm is not the only consideration. An applicant must also establish "the intent of the persecutor(s), whether the suffering will be imposed for one of the purposes specified under the Convention, and whether it will likely be inflicted with the knowledge or acquiescence of a public official with custody or control over the victim." *Zubeda*, 333 F.3d at 473; *see also Matter of J-E-*, 23 I&N Dec. 291, 297–99 (BIA 2002). Since further fact-finding is necessary, we cannot currently address the merits of the respondent's application for CAT protection.

*See Matter of S-H-*, 23 I&N Dec. at 464 (recognizing that the Board must defer to the factual findings of an Immigration Judge in the absence of clear error); *see also* 8 C.F.R. § 1003.1(d)(3)(i).

The respondent has requested that, based on an appearance of bias, his case be remanded to a different Immigration Judge. As noted above, the statements by the Immigration Judge could reasonably be read to suggest bias against the respondent's claim for protection under the CAT. We have the authority to reassign a case based on the appearance of bias, in order to ensure fairness and impartiality. *See Matter of Y-S-L-C-*, 26 I&N Dec. 688, 690–92 (BIA 2015). Remands to a different Immigration Judge are atypical and disfavored but are warranted in limited circumstances. To avoid any appearance of unfairness, and in an abundance of caution under the facts and circumstances in this case, we will direct these proceedings be transferred to a different Immigration Judge on remand.

## IV. CONCLUSION

On remand, the Immigration Judge should issue a new decision that addresses the deficiencies discussed above. Specifically, the Immigration Judge should make factual findings regarding the respondent's credibility without according the respondent a presumption of credibility or erroneously suggesting that finding the respondent credible is compelled by law. The Immigration Judge should then render any necessary conclusions of law regarding the merits of the respondent's applications, including whether the respondent committed a serious nonpolitical crime and whether he established eligibility for CAT protection.[4]

On remand, the parties may supplement the record with additional evidence and arguments, including those related to any intervening case law. In remanding, we express no opinion as to the outcome of these proceedings. *See Matter of L-O-G-*, 21 I&N Dec. 413, 422 (BIA 1996).

**ORDER:** The appeal is sustained, and the Immigration Judge's decision is vacated.

**FURTHER ORDER:** The record is remanded to the Immigration Court for assignment to a new Immigration Judge and for further proceedings consistent with the foregoing opinion and entry of a new decision.

---

[4] The respondent also argues that the rescheduling of his merits hearing from May 16, 2023, to April 19, 2023, was a violation of his right to due process that prejudiced his ability to fully present his claim. However, given that we are remanding this case for further proceedings, including the opportunity to supplement the record, this argument is moot. *Cf. INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").