**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2344
_____

GUILLERMO TEO-NAJARRO,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order
of the Board of Immigration Appeals
(Agency No. A207-581-003)
Immigration Judge:  Arya Ranasinghe

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on February 18, 2025

Before: BIBAS, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: February 20, 2025)

_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Guillermo Teo-Najarro, a citizen of Guatemala, lawfully entered the United States in June 2011, but overstayed his nonimmigrant visa. In 2019, Teo-Najarro was charged with assaulting his then-girlfriend during a domestic dispute. Those charges were later dismissed. In June 2023, Teo-Najarro was arrested and again charged with assault in connection with a domestic dispute involving a different partner. Thereafter, the Department of Homeland Security ("DHS") issued a Notice to Appear charging Teo-Najarro with being removable for remaining in the United States longer than permitted. *See* 8 U.S.C. § 1227(a)(1)(B); AR 556. Appearing before an Immigration Judge ("IJ"), Teo-Najarro, through counsel, conceded removability but sought an adjustment of status based upon a previously approved I-360 Petition for Amerasian, Widower, or Special Immigrant. *See* 8 U.S.C. § 1255(a).

In November 2023, while the June 2023 criminal charges were pending, the IJ held a hearing on the application to adjust status. Both Teo-Najarro and his girlfriend, the victim of the alleged June 2023 assault, testified. The IJ subsequently concluded that Teo-Najarro met the statutory requirements for adjustment of status but, after balancing the positive and negative equities, denied his application as a matter of discretion.

Teo-Najarro filed a counseled appeal to the Board of Immigration Appeals ("BIA"), arguing that the IJ abused her discretion by relying on Teo-Najarro's arrest reports as the sole basis for denying his application, despite the absence of convictions or corroboration, in contravention of both BIA and Third Circuit precedent. *See In re Arreguin De Rodriguez*, 21 I & N Dec. 38 (BIA 1995); *Doyduk v. Att'y Gen.*, 66 F.4th 132 (3d Cir. 2023). The BIA adopted and affirmed the decision of the IJ, finding no clear error or

misapplication of precedent. It noted that the testimony of both Teo-Najarro and his girlfriend regarding the incident provided sufficient corroboration of the information contained in the June 2023 arrest report. Accordingly, it determined that the IJ "properly afforded weight to the police reports, which were supported by corroborating evidence, and correctly denied [Teo-Najarro's] application in the exercise of discretion." A.R. at 5.

Teo-Najarro, now proceeding pro se, has filed a timely petition for review of the BIA's decision. As a general matter, we have jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252(a).[1] However, this Court lacks jurisdiction to review judgments regarding discretionary relief under 8 U.S.C. § 1255. *See id.* § 1252(a)(2)(B)(i); *see also Alimbaev v. Att'y Gen.*, 872 F.3d 188, 194 (3d Cir. 2017). To the extent Teo-Najarro argues that the agency erred in weighing the positive and negative equities in his case by giving too much weight to his arrest report, that is a discretionary issue which this Court lacks jurisdiction to review. *See Cortez-Amador v. Att'y Gen.*, 66 F.4th 429, 434 (3d Cir. 2023)

---

[1] Teo-Najarro's notice to appear was issued out of the immigration court located in Cleveland, Ohio. While the Executive Office for Immigration Review later transferred administrative control for Teo-Najarro's proceedings to the immigration court in Elizabeth, New Jersey, neither party moved for a change of venue. Accordingly, venue for this case properly lies in the Sixth Circuit. *See Castillo v. Att'y Gen.*, 109 F.4th 127, 133 (3d Cir. 2024). However, as this Court has previously recognized, the venue provision, 8 U.S.C. § 1252(b)(b)(2), is not jurisdictional. *See Khouzam v. Att'y Gen.*, 549 F.3d 235, 249 (3d Cir. 2008) (citing *Bonhometre v. Gonzales*, 414 F.3d 442, 446 n.5 (3d Cir. 2005)). "Venue requirements are normally for the convenience of the parties and, if the parties do not object, ordinarily there is no policy objection to proceeding in any court with jurisdiction." *Georcely v. Ashcroft*, 375 F.3d 45, 49 (1st Cir. 2004). The parties do not object to proceeding before this Court. *See* 3d Cir. ECF Nos. 17, 18. Further, it would not be in the interests of justice to transfer this fully briefed appeal to the Sixth Circuit, as such a transfer would delay resolution, inconvenience the parties, and waste judicial resources. *See Castillo*, 109 F.4th at 135–36.

("This Court has consistently held that arguments such as that an IJ or the BIA incorrectly weighed evidence … or improperly weighed equitable factors are not questions of law under 8 U.S.C. § 1252(a)(2)(D).") (cleaned up).

This Court retains jurisdiction to review constitutional claims and questions of law. *See* 8 U.S.C. § 12(a)(2)(D). Citing *Arreguin* and *Doyduk*, Teo-Najarro also asserts that the IJ committed legal error by "disregard[ing] established BIA and Third Circuit precedent that arrest reports lacking corroboration should be accorded little weight in discretionary determinations." 3d Cir. ECF No. 18 at 11.[2]

Teo-Najarro is correct that, in *Arreguin*, the BIA held that arrest reports are entitled to "little weight" "absent a conviction or corroborating evidence of the allegations contained therein." 21 I & N Dec. at 42. In *Doyduk*, this Court rejected an argument that *Arreguin* categorically prohibits the consideration of an arrest report in the absence of corroboration or conviction, noting that the weight to be given is a "sliding scale, not a categorical ban." *Doyduk*, 66 F.4th at 137. However, as noted by the BIA, the information considered by the IJ was not uncorroborated. Rather, it was corroborated in large measure by the testimony of both Teo-Najarro and his girlfriend.

---

[2] In his opening brief, Teo-Najarro also asserted that the IJ erred by applying "Third Circuit law rather than Sixth Circuit law." 3d Cir. ECF No. 12 at 5. This claim lacks merit. The IJ's opinion makes no mention of case law from the Third Circuit, or from any other circuit. While the BIA opinion does address *Doyduk*, the case was first raised in Teo-Najarro's counseled brief on appeal to the BIA, which argued that the IJ's decision was contrary to the precedent set by *Arreguin* and *Doyduk*. In any event, Teo-Najarro has failed to allege or demonstrate that a different outcome would have resulted from the application of any Sixth Circuit caselaw.

4

Further, the BIA noted that the IJ recognized that both Teo-Najarro and Taveras "denied the allegations that the respondent assaulted anyone," but "reasonably concluded that this testimony was not persuasive." A.R. at 5 (citing *In re H-C-R-C-*, 28 I & N Dec. 809, 811–12 (BIA 2024)).[3] Given the corroboration afforded by testimony, the agency's consideration of Teo-Najarro's history of arrests was not in contravention of either *Arreguin* or *Doyduk*, and we discern no legal error in the BIA's conclusion that the IJ "properly afforded weight to the police reports, which were supported by corroborative evidence." A.R. at 5.[4]

---

[3] In that recent case, the BIA, citing *Garland v. Ming Dai*, 593 U.S. 357, 365–68 (2021), noted that an IJ "may credit all, some, or none of an applicant's testimony, so long as the finding considers the totality of the circumstances and all relevant factors" and that "the absence of a clear adverse credibility finding does not mean the respondent's testimony must be deemed objectively true." 28 I & N Dec. at 811 (internal quotation marks omitted).

[4] Although Teo-Najarro did not raise the issue on appeal to the BIA or in his opening brief here, he appears to assert in a supplemental filing that he cannot be deported based on his June 2023 arrest, as those charges are still pending. 3d Cir. ECF No. 18 at 9. Citing *Orabi v. Attorney General*, 738 F.3d 535 (3d Cir. 2014), Teo-Najarro asserts that "the Third Circuit found that the statutory text of section 101(a)(48)(A) [8 U.S.C. § 1101(a)(48)(A)] unambiguously requires conviction finality." 3d Cir. ECF No. 18 at 9. This argument lacks merit, as Teo-Najarro misreads *Orabi* and its application to his proceedings. Unlike Teo-Najarro, the petitioner in *Orabi* was charged with being removable under 8 U.S.C. § 1227(a)(2)(A)(iii) after being convicted of an aggravated felony. Teo-Najarro's charge of removability was not based upon any arrests or convictions. Rather, he was charged with being removable for remaining in the United States longer than permitted. *See* 8 U.S.C. § 1227(a)(1)(B). Further, the agency is not prohibited from considering a petitioner's criminal history when considering discretionary relief, such as Teo-Najarro's application to adjust status. *See Doyduk*, 66 F.4th at 137; *see also In re Thomas*, 21 I & N Dec. 20, 23 (BIA 1995) (finding it "appropriate to consider evidence of … criminal conduct which has not culminated in a final conviction" when "examining the presence of adverse factors on an application for discretionary relief"); *Hernandez v. Garland*, 59 F.4th 762, 772 (6th Cir. 2023) (citing *In re Thomas* and noting that "[t]he Board's precedent … permits it to consider the unfavorable conduct underlying an arrest—as long as it accounts for all of the circumstances, including an immigrant's assertion of innocence" (internal quotation marks omitted)).

5

For the foregoing reasons, to the extent Teo-Najarro challenges the agency's discretionary denial of his application to adjust status, we will dismiss the petition for lack of jurisdiction. We will otherwise deny the petition.