# Matter of G-C-I-, Respondent

*Decided August 19, 2025*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) A respondent's nonresponsive and evasive testimony, including when related to the issue of corroboration, supports an adverse credibility determination.

(2) A lack of corroboration may be an independent basis to find that a respondent has not met his burden of proof to establish a claim for asylum or withholding of removal.

FOR THE RESPONDENT: Evan M. Gelobter, Esquire, Baton Rouge, Louisiana

BEFORE: Board Panel: MALPHRUS, Chief Appellate Immigration Judge; MULLANE and GOODWIN, Appellate Immigration Judges.

MALPHRUS, Chief Appellate Immigration Judge:

In a decision issued on December 5, 2024, the Immigration Judge denied the respondent's applications for withholding of removal under section 241(b)(3)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(b)(3)(A) (2018), and protection under the regulations implementing the Convention Against Torture ("CAT").[1] Specifically, the Immigration Judge concluded that the respondent did not testify credibly and did not sufficiently corroborate his claim. The respondent's appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Georgia. He claims that he was physically harmed and threatened by police officers in Georgia because of his membership in and support for the United National Movement ("UNM") opposition political party. He testified that in support of the UNM, he helped transport people to the polls and helped his brother, who was a leader of the youth wing of the UNM. He claims that he was physically harmed by police in Georgia on two occasions. The first was on Georgia's election night in

---

[1] The Convention Against Torture and Other Cruel Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85 (entered into force for United States Nov. 20, 1994).

2020, while he was transporting people to the polls.  He testified that the police hit him on the head and caused him to be hospitalized.  After unsuccessfully seeking asylum in France, the respondent claims he was again beaten by the Georgian police and hospitalized while attending a rally in April 2024.  He testified that he left Georgia later that month and traveled through various countries before arriving in the United States.

The Immigration Judge denied the respondent's applications for withholding of removal and CAT protection,[2] finding that he was not a credible witness and did not provide corroborative evidence to rehabilitate his incredible testimony.  The Immigration Judge alternatively found that, irrespective of credibility, the respondent did not meet his burden of proof because he did not provide reasonably available corroborative evidence.  The respondent challenges these findings.

## II.  LEGAL ANALYSIS

### A. Credibility

Applicants "for asylum or withholding of removal bear[] the burden of proof to establish eligibility for relief or protection from removal." *Matter of H-C-R-C-*, 28 I&N Dec. 809, 810 (BIA 2024); *see also* INA §§ 208(b)(1)(B)(i), 240(c)(4)(A), 8 U.S.C. §§ 1158(b)(1)(B)(i), 1229a(c)(4)(A) (2018); INA § 241(b)(3)(C), 8 U.S.C. § 1231(b)(3)(C) (incorporating by reference the credibility and corroboration provisions applicable to asylum).  There is no presumption that an applicant is credible in Immigration Court, and applicants bear the burden of establishing their own credibility. *Matter of H-C-R-C-*, 28 I&N Dec. at 811.  As factfinders, Immigration Judges "may credit all, some, or none of an applicant's testimony, so long as the finding considers 'the totality of the circumstances and all relevant factors.'" *Id*. (quoting INA §§ 208(b)(1)(B)(iii), 240(c)(4)(C), 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1229a(c)(4)(C)).

Immigration Judges may consider factors such as demeanor, candor, responsiveness, "the inherent plausibility of the applicant's . . . account, the consistency between the applicant's . . . . written and oral statements . . . , the

---

[2]   The respondent, through counsel, conceded that he was ineligible for asylum based on the Circumvention of Lawful Pathways, 88 Fed. Reg. 31314, 31451 (May 16, 2023), rule enacted at 8 C.F.R. § 1208.33 (2025).  This application is therefore not before us. *See Matter of H-L-S-A-*, 28 I&N Dec. 228, 240 n.10 (BIA 2021) (noting that the Board will not address issues for the first time on appeal).

internal consistency of each such statement, [and] the consistency of such statements with other evidence of record," among other factors. INA §§ 208(b)(1)(B)(iii)), 240(c)(4)(C), 8 U.S.C. § 1158(b)(1)(B)(iii), 1229a(c)(4)(C).  Immigration Judges may rely on inconsistencies or inaccuracies regardless of whether they go "to the heart of the applicant's claim." *Id*. An adverse credibility finding "must be supported by specific and cogent reasons." *Matter of H-C-R-C-*, 28 I&N Dec. at 811 (quoting *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009)); *accord Nkenglefac v. Garland*, 34 F.4th 422, 430 (5th Cir. 2022).

We discern no clear error in the Immigration Judge's adverse credibility finding. *See* 8 C.F.R. § 1003.1(d)(3)(i) (2025); *see also Cooper v. Harris*, 581 U.S. 285, 299, 309 (2017) (explaining that clear error is a deferential standard of review). The Immigration Judge provided specific, cogent reasons for finding the respondent's testimony not credible. *See Nkenglefac*, 34 F.4th at 430. Specifically, the Immigration Judge found the respondent's testimony inconsistent regarding when he became involved with the UNM, found several aspects of the respondent's testimony implausible, and found the respondent lacked candor when discussing his lack of corroboration.

The Immigration Judge did not clearly err in finding the respondent's testimony inconsistent with his statements during the credible fear interview regarding when his involvement with the UNM began. *See* 8 C.F.R. § 1003.1(d)(3)(i). While he testified that he became an active supporter of the party in 2015, his statements during the credible fear interview indicate that he became involved with the party in 2005. When asked to explain the inconsistency during his hearing, the respondent stated that he may have remembered the facts differently at the credible fear interview. The Immigration Judge did not clearly err in finding that the explanation was unpersuasive and further diminished the respondent's credibility.

On appeal, the respondent argues that this inconsistency is explained by the respondent's testimony that his more direct activism began in 2015.[3] He did not, however, provide this explanation at the hearing, and unsupported assertions in a respondent's appellate brief are not facts or evidence. *See INS v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984); *Matter of Khan*, 28 I&N Dec. 850, 862 (BIA 2024) (same). The respondent's interpretation of the

---

[3]   The respondent's counsel asked him at the hearing what he meant by his testimony that he "became more active" in the party around 2015. The respondent stated that "starting from 2015, [he] was an owner of a small car," and that he "helped people to transport to election polls during the election[,] . . . talked to people about ideas of the United National Movement Party," and helped his brother with party activities.

evidence is not enough to establish clear error in the Immigration Judge's findings. *See Matter of D-R-*, 25 I&N Dec. 445, 455 (BIA 2011) (finding that an Immigration Judge is not required to interpret the evidence in the manner advocated by the applicant), *remanded on other grounds by Radojkovic v. Holder*, 599 F. App'x 646 (9th Cir. 2015).

Based on the totality of the statements made in the credible fear interview, the Immigration Judge permissibly found that the respondent's statement that he became involved with the UNM in 2005 was inconsistent with his testimony at the hearing. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."); *see also Matter of A.J. Valdez and Z. Valdez*, 27 I&N Dec. 496, 501 (BIA 2018) (explaining that an Immigration Judge is "entitled to make 'reasonable inferences from direct and circumstantial evidence of the record as a whole'" (quoting *Matter of D-R-*, 25 I&N Dec. at 454–55)).

The Immigration Judge also found aspects of the respondent's testimony implausible. Specifically, the Immigration Judge found it was not plausible that the respondent did not investigate how to lawfully enter the United States or communicate with family members in the United States about the best way to enter. Given the respondent's extensive travel across many countries to enter the United States, his earlier experience navigating the asylum system in France, and his statements that he communicated with family members in the United States during his journey, we discern no clear error in the Immigration Judge's assessment. Similarly, the Immigration Judge did not clearly err in finding implausible the respondent's claim that after being outside the country for 2 years, he received an anonymous phone call in Georgia telling him not to go to a rally, and then when he attended the rally, which was in another town, he was recognized in the dark by police despite being surrounded by thousands of protesters. *See* INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii) (directing adjudicators to consider "the inherent plausibility of the applicant's or witness's account").

In addition, the Immigration Judge found that the respondent was nonresponsive and evasive several times during his testimony when questioned about his efforts to obtain corroborative evidence. A respondent's nonresponsive and evasive testimony, including when related to the issue of corroboration, supports an adverse credibility determination. *See id.* The respondent was asked about the specific efforts he had taken to collect medical records when he requested a continuance to gather additional evidence. Rather than answer the question directly, his response focused on

the generalized political climate in Georgia, claiming that people were afraid of participating in his case. He did not answer the specific question of why protests would prevent his friends or family from obtaining his medical records. When asked again about his inability to provide medical records during cross-examination, the respondent provided a similarly vague response. The Immigration Judge found that these evasive responses demonstrated a lack of candor, and we discern no clear error in this finding. Such a lack of candor further undermines the respondent's credibility. *See id.*

The Immigration Judge did not clearly err in finding that, considering the totality of the circumstances, the issues discussed above undermine the credibility of the respondent's testimony. *See id.* We therefore discern no clear error in the Immigration Judge's adverse credibility determination. *See* 8 C.F.R. § 1003.1(d)(3)(i).

## B. Corroboration

The Immigration Judge also found that the respondent did not sufficiently corroborate his claim. Credibility and corroboration are distinct but related issues discussed in separate provisions of the INA and require separate analysis. *See* INA § 208(b)(1)(B)(ii), (iii), 8 U.S.C. § 1158(b)(1)(B)(ii), (iii); *see also Garland v. Ming Dai*, 593 U.S. 357, 371 (2021) (explaining that "credibility and persuasiveness are closely bound concepts"). The testimony of an applicant for asylum or withholding of removal "may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." INA § 208(b)(1)(B)(ii), 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Mohndamenang v. Garland*, 59 F.4th 211, 215 (5th Cir. 2023); *Matter of H-C-R-C-*, 28 I&N Dec. at 810–11.

If an Immigration Judge adequately explains his or her reasons, the Immigration Judge may find in a particular case that an applicant's credible testimony is sufficient to meet the applicant's burden of proof. *See Matter of S-H-*, 23 I&N Dec. 462, 465 (BIA 2002) (explaining that Immigration Judges must make clear and complete findings). However, section 101(a)(3) of the REAL ID Act of 2005, Division B of Pub. L. No. 109-13, 119 Stat. 231, 303, which enacted the present credibility and corroboration provisions of the INA, anticipates that corroboration will generally be necessary to meet an applicant's burden of proof. *See Matter of L-A-C-*, 26 I&N Dec. 516, 518–19 (BIA 2015) (discussing the legislative history of the REAL ID Act); *see also* INA § 208(b)(1)(B)(ii),

8 U.S.C. § 1158(b)(1)(B)(ii); *Ming Dai*, 593 U.S. at 371 ("In order for an alien's testimony to carry the day on its own, the statute requires the alien to satisfy the trier of fact on all three counts—showing his 'testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee.'" (citation omitted)); *Mohndamenang*, 59 F.4th at 215 (emphasizing that "corroborating evidence must be provided" unless the applicant demonstrates that such evidence is not reasonably available).

An Immigration Judge typically will first consider whether the testimony of a respondent is credible and then address whether the testimony is sufficiently reliable and detailed to satisfy his or her burden of proof without additional evidence. Corroboration is especially important where testimony from the respondent or other key witnesses lacks a strong foundation or otherwise is not entirely persuasive, even when issues with the testimony are not sufficient for an adverse credibility finding. In this way, corroboration may be found to fill an evidentiary gap created when testimony is unspecific or otherwise unpersuasive on its own. *See* INA § 208(b)(1)(B)(ii), 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Ming Dai*, 593 U.S. at 371.

Separate and apart from his adverse credibility determination, the Immigration Judge denied the respondent's application for withholding of removal based on a lack of corroboration. A lack of corroboration may be an independent basis to find that a respondent has not met his burden of proof to establish a claim for asylum or withholding of removal. *See Mohndamenang*, 59 F.4th at 215; *see also* INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii). The Supreme Court of the United States has explained that "the INA expressly distinguishes between credibility, persuasiveness, and the burden of proof." *Ming Dai*, 593 U.S. at 371. "It's not always the case that credibility equals factual accuracy, nor does it guarantee a legal victory." *Id*. at 372. An Immigration Judge might not find that a respondent "lack[s] credibility—in the sense that [he or] she was lying or not 'worthy of belief,'" but his or her testimony may be outweighed by other evidence such that it is not sufficiently persuasive to meet the burden of proof. *Id*. (quoting Black's Law Dictionary 448 (10th ed. 2014)). In such a case, corroborating evidence, or the lack of it, is directly related to whether the burden of proof has been met.

If an Immigration Judge decides corroborative evidence is needed, "such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." INA § 208(b)(1)(B)(ii), 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Mohndamenang*, 59 F.4th at 215.

181

When an Immigration Judge determines that specific evidence is needed, he or she should "(1) give the applicant 'an opportunity to explain why he could not reasonably obtain such evidence,' (2) 'ensure that the applicant's explanation is included in the record,' (3) 'clearly state for the record whether the . . . explanation is sufficient,' and (4) if a continuance is requested, 'decide whether to grant a continuance for the applicant to obtain additional corroboration.'"[4]  *Avelar-Oliva v. Barr*, 954 F.3d 757, 770 (5th Cir. 2020) (quoting *Matter of L-A-C-*, 26 I&N Dec. at 518–22); *see also Mohndamenang*, 59 F.4th at 215–16 (explaining that these procedures are only necessary when the Immigration Judge requires "specific corroborating evidence" and does not apply when the Immigration Judge "engaged in a comprehensive analysis of why . . . credible testimony was not corroborated by the evidence provided").  However, an Immigration Judge is not required to give a respondent advanced notice of the specific corroboration necessary to meet his or her burden of proof or provide an automatic continuance for a respondent to obtain corroborative evidence.[5]  *See Avelar-Oliva*, 954 F.3d at 770; *Matter of L-A-C-*, 26 I&N Dec. at 524.

The Immigration Judge properly found that the respondent did not submit reasonably available corroborative evidence.  *See* INA § 208(b)(1)(B)(ii), 8 U.S.C. § 1158(b)(1)(B)(ii).  In support of his claim, the respondent submitted only general country conditions evidence of political unrest in Georgia.  Such generalized evidence, however, does not corroborate the respondent's claim that he personally experienced harm or faces an individualized risk of harm in the future.  *See Maryam v. Gonzales*, 421 F.3d 60, 63 (1st Cir. 2005) ([G]enerally, evidence of widespread violence and human rights violations affecting all citizens is insufficient to establish persecution." (citation omitted)).

The Immigration Judge identified several pieces of evidence that could have corroborated aspects of the respondent's claim, including medical

---

[4]   Although the respondent requested a continuance before the Immigration Judge, he did not challenge the denial of his motion to continue on appeal, and we deem that issue waived.  *See Matter of W-E-R-B-*, 27 I&N Dec. 795, 795 n.1 (BIA 2020).

[5]   The majority of the United States Courts of Appeal agree.  *See Wambura v. Barr*, 980 F.3d 365, 373–74 (4th Cir. 2020) (collecting cases).  Some circuits, however, have issued contrary authority.  *See Chukwu v. Att'y Gen. of U.S.*, 484 F.3d 185, 192 (3d Cir. 2007); *Ren v. Holder*, 648 F.3d 1079, 1090-93 (9th Cir. 2011).  As this case arises in the United States Court of Appeals for the Fifth Circuit, we are not bound by those decisions in this case and do not find them persuasive.  *See Matter of U. Singh*, 25 I&N Dec. 670, 672 (BIA 2012).  We encourage circuits with contrary authority to reconsider the issue.

documentation or a letter from his brother whose political activities he claimed contributed to the harm he experienced and fears.  The Immigration Judge gave the respondent the opportunity to explain why this type of evidence was not or could not be provided.  *See Avelar-Oliva*, 954 F.3d at 770; *Matter of L-A-C-*, 26 I&N Dec. at 521.

As discussed above, the respondent's testimony when discussing the availability of medical records was vague and nonresponsive.    The Immigration Judge found that the respondent was unable to identify any steps taken to gather medical evidence and that he provided no clear explanation for why it could not be presented, other than general assertions regarding the political situation in Georgia.

The respondent also did not submit a letter from his brother who resided in the United States at the time of the final hearing and was a key witness to the respondent's political activities in Georgia.  When asked why he did not submit a letter from his brother in support of his application, the respondent testified that while his brother would have been willing to write a letter, he had not asked him.  Given the brother's role in the respondent's claim and his residence in the United States, the Immigration Judge found the evidence was reasonably available and should have been provided.  *See Aben v. Garland*, 113 F.4th 457, 467–68 (5th Cir. 2024) (emphasizing the importance of considering whether an applicant "could have 'reasonably obtained' corroborating evidence" (quoting INA § 208(b)(1)(B)(ii), 8 U.S.C. § 1158(b)(1)(B)(ii))).  This lack of evidence from the respondent's brother without a persuasive explanation for why it could not be provided leaves a significant evidentiary gap in assessing the respondent's claim.

For the reasons discussed above, we agree with the Immigration Judge's determination that regardless of whether the respondent is credible, he did not provide reasonably available evidence to corroborate material elements of his claim and therefore has not met his burden of proof to establish his eligibility for relief.  *See* INA § 208(b)(1)(B)(ii), 8 U.S.C. § 1158(b)(1)(B)(ii); *Mohndamenang*, 59 F.4th at 215; *Rui Yang v Holder*, 664 F.3d 580, 586–87 (5th Cir. 2011) (affirming the Board's determination that a failure to provide reasonably available corroborating evidence is an independent basis for the denial of relief); *Matter of L-A-C-*, 26 I&N Dec. at 518-19 (stating that regardless of whether an applicant is deemed credible, he has the burden to corroborate the material elements of his claim and "where it is reasonable to expect corroborating evidence for certain alleged facts pertaining to the specifics of an applicant's claim, such evidence should be presented" (citing *Matter of S-M-J-*, 21 I&N Dec. 722 (BIA 1997))).

Given both the adverse credibility finding and the separate determination that the respondent did not provide reasonably available corroborating evidence, we affirm the Immigration Judge's denial of withholding of removal under the INA.

## C. Convention Against Torture

The respondent also challenges the Immigration Judge's denial of CAT protection. We concluded above that the Immigration Judge did not clearly err in finding the respondent's testimony not credible. However, the United States Court of Appeals for the Fifth Circuit has explained that "where the applicant offers evidence which may independently entitle him to CAT protection, 'an adverse credibility finding alone cannot defeat [his] eligibility for relief.'" *Aguilar-Quintanilla v. McHenry*, 126 F.4th 1065, 1071 (5th Cir. 2025) (quoting *Ndifon v. Garland*, 49 F.4th 986, 989 (5th Cir. 2022)).

Contrary to the respondent's appellate arguments, the Immigration Judge considered the only independent evidence presented, which was articles and reports about general country conditions. Such "[g]eneralized country evidence tells us little about the likelihood state actors will torture any particular person." *Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019); *see also Matter of J-J-G-*, 27 I&N Dec. 808, 817 (BIA 2020) (explaining that "generalized evidence of violence and crime" is insufficient to establish eligibility for CAT protection). While the evidence discusses conditions political opponents face in Georgia, it provides no insight into the respondent's political activity or any past harm, which are key to assessing his claim that he will suffer torture in the future. *See* 8 C.F.R. § 1208.16(c)(3) (2025) (directing adjudicators to consider "all evidence relevant to the possibility of future torture," including "[e]vidence of past torture inflicted upon the applicant").

Given the adverse credibility finding and the lack of independent evidence supporting an individualized risk of torture, we agree with the Immigration Judge that the respondent did not show it is more likely than not he will be tortured in Georgia by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.[6] *See* 8 C.F.R. § 1208.16(c)(2); 8 C.F.R. § 1208.18(a)(1) (2020).

---

[6] Because we affirm the Immigration Judge's decision for the reasons discussed, we need not address any other issues raised on appeal. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (explaining that, "[a]s a general rule[,] courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach").

Therefore, we affirm the Immigration Judge's denial of CAT protection. As the respondent did not establish his eligibility for withholding of removal under the INA or protection under the CAT, we will dismiss the respondent's appeal.

**ORDER:**  The appeal is dismissed.

**NOTICE:**  If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by the Department of Homeland Security, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation.  *See* INA § 274D, 8 U.S.C. § 1324d (2018); 8 C.F.R. § 280.53(b)(14) (2025).