# Matter of Catalina SANTIAGO-SANTIAGO, Respondent

*Decided April 24, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The Immigration Judge erred in terminating removal proceedings based solely on the fact that the respondent has been accorded Deferred Action for Childhood Arrivals (DACA) and without considering the reasons for any opposition to termination.

FOR THE RESPONDENT: Luis A. Cortes Romero, Esquire, Kent, Washington

FOR THE DEPARTMENT OF HOMELAND SECURITY: Gregory X. Gonzalez, Assistant Chief Counsel

BEFORE: Board Panel: MALPHRUS, Chief Appellate Immigration Judge; HUNSUCKER and CHABAN, Appellate Immigration Judges.

CHABAN, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") has filed an appeal of the Immigration Judge's September 8, 2025, decision, terminating the respondent's removal proceedings based on her receipt of Deferred Action for Childhood Arrivals ("DACA"). The respondent has filed a brief in opposition to the appeal. The appeal will be sustained, and the record will be remanded for further proceedings.

The respondent was placed in removal proceedings upon the filing of a notice to appear with the Immigration Court on August 5, 2025. 8 C.F.R. § 1003.14(a) (2026). The notice to appear charged her with removability under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i) (2024), as an alien present in the United States without being admitted or paroled. The respondent filed a motion to terminate her removal proceedings without prejudice because she is a recipient of DACA and alleges prima facie eligibility for adjustment of status based on her marriage to a United States citizen. DHS opposed the respondent's motion to terminate, arguing that deferred action does not confer any right or entitlement to remain in or reenter the United States and does not prohibit DHS from moving forward with removal proceedings. DHS also noted that there is no evidence indicating the respondent's spouse had filed an immigrant visa petition on the respondent's behalf.

On September 8, 2025, the Immigration Judge granted the respondent's motion to terminate the removal proceedings. The Immigration Judge cited the fact that the respondent's DACA had not been terminated[1] and relied on the regulations in 8 C.F.R. § 1003.18(d)(1)(ii)(C) (2025), which permit "discretionary termination" of removal proceedings where the alien is a beneficiary of deferred action.

DHS filed a motion to reconsider the Immigration Judge's decision, as well as a motion to recuse the Immigration Judge from the case based on a purported email from the Immigration and Customs Enforcement to the Immigration Judge's spouse, a member of the United States House of Representatives, that discussed the respondent.[2] On September 10, 2025, the Immigration Judge denied DHS' motions to reconsider and to recuse. DHS argues on appeal that the Immigration Judge erred in terminating the removal proceedings and in declining to recuse himself from the case.

We review de novo issues of law, discretion, or judgment, including the Immigration Judge's determination that discretionary termination is warranted in this case. 8 C.F.R § 1003.1(d)(3)(ii) (2026). The Immigration Judge granted the respondent's motion to terminate removal proceedings based on the fact that the respondent was accorded DACA protection that has not been terminated and the regulations expressly allow Immigration Judges to terminate proceedings under such circumstances.

While the regulations provide Immigration Judges with the authority to terminate proceedings where the "alien is a beneficiary of . . . deferred action," the regulations also expressly provide that this action is an "exercise of discretion" that involves consideration of "the reason termination is sought and the basis for any opposition to termination." 8 C.F.R. § 1003.18(d)(1)(ii)(C). Thus, the fact that the respondent is the beneficiary of deferred action is not the sole, dispositive consideration for whether discretionary termination is warranted. Moreover, a discretionary determination should include an analysis and weighing of the positive factors against the adverse ones. *See Matter of Gamboa*, 14 I&N Dec. 244, 249 (BIA 1972) (explaining that the adjudicator should set forth the reasons for a favorable exercise of discretion "so that a reviewing tribunal may be in a better position to assess [the] judgment").

---

[1]  A copy of the DACA approval notice submitted by the respondent indicates that the respondent's deferred action is valid from April 30, 2024, to April 29, 2026.

[2]  The email was not included in the record.

In the instant case, the Immigration Judge's decision did not address the reasons for DHS' opposition to termination. We have repeatedly held that a party's interest in bringing removal proceedings to a close on the merits is a persuasive reason to move forward with the case. *See Matter of Cahuec Tzalam*, 29 I&N Dec. 300, 305 (BIA 2025); *Matter of B-N-K-*, 29 I&N Dec. 96, 101 (BIA 2025); *Matter of W-Y-U-*, 27 I&N Dec. 17, 19–20 (BIA 2017). Also, "[t]here is an important public interest in the finality of immigration proceedings." *Matter of W-Y-U-*, 27 I&N Dec. at 19. The Immigration Judge's decision makes no reference to and appears to give no consideration to DHS' interests in this case or any interests outside of the fact that the respondent has DACA protection. The Immigration Judge erred in terminating removal proceedings based solely on the fact that the respondent has been accorded DACA protection and without considering the reasons for any opposition to termination. Accordingly, we will remand for further consideration of whether termination is warranted.[3]

In remanding, we will direct that this case be transferred to a different Immigration Judge, which is warranted in an abundance of caution under the specific circumstances in this case. *See Matter of H-C-R-C-*, 28 I&N Dec. 809, 814 (BIA 2024) (remanding to a different Immigration Judge). On appeal, DHS alleged that during the pendency of the respondent's removal proceedings, the Immigration Judge's spouse, who is a member of the House of Representatives, made a public statement on social media specifically discussing and advocating for the respondent.

The respondent has not disputed this allegation. It is unclear whether the Immigration Judge was aware or was made aware of his spouse's public statements and advocacy on the respondent's behalf during the course of the proceedings. Under these particular circumstances, we conclude that remanding the record to a different Immigration Judge is the best course of action to avoid the appearance of partiality or bias and to ensure the integrity of the removal proceedings.[4] *See id.* (holding that the Board has "the authority to reassign a case based on the appearance of bias, in order to ensure fairness and impartiality"); *see also Korytnyuk v. Ashcroft*, 396 F.3d 272, 287 n.20 (3d Cir. 2005) (recognizing that assignment of an Immigration Judge is within the province of the Attorney General); *see also generally Fort Bend Cnty. v. U.S. Army Corps of Eng'rs*, 59 F.4th 180, 202 (5th Cir. 2023)

---

[3] We note that the respondent, who is involved in a habeas action, cannot be removed from the United States while she has DACA protection. *Santiago v. Noem*, No. EP-25-CV-361, 2025 WL 2792588, at *1, *4, *10, *12, *14. (W.D. Tex. Oct. 2, 2025).

[4] Given that we are requiring that the case be reassigned to a different Immigration Judge, we need not further address the merits of DHS' appeal of the denial of its motion to recuse.

(recognizing the appellate court's authority to reassign a case to another judge on remand and considering, inter alia, whether "reassignment is advisable to preserve the appearance of justice, and [] whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness") (quoting *Miller v. Sam Houston State Univ.*, 986 F.3d 880, 892 (5th Cir. 2021)).

Both parties may supplement the record with additional evidence and arguments on remand.   We express no opinion as to the ultimate outcome of these removal proceedings.   *See Matter of L-O-G-*, 21 I&N Dec. 413, 422 (BIA 1996).

**ORDER:**  DHS' appeal is sustained, and the record is remanded to the Immigration Court for assignment to a new Immigration Judge and for further proceedings consistent with the foregoing opinion and entry of a new decision.