# Matter of T-D-E-, et al., Respondents

*Decided June 29, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An Immigration Judge may not determine that a respondent is credible solely because the respondent was candid in admitting he previously lied to obtain immigration benefits.

FOR THE RESPONDENTS: Tito A. Saavedra, Esquire, New York, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Eileen M. McCrohan, Assistant Chief Counsel

BEFORE: Board Panel: MALPHRUS, Chief Appellate Immigration Judge; HUNSUCKER and GEMOETS, Appellate Immigration Judges.

HUNSUCKER, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals from the Immigration Judge's March 17, 2025, decision granting the respondents, who are natives and citizens of Burkina Faso, asylum under section 208(b)(1)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158(b)(1)(A) (2024).[1] The respondents oppose the appeal. We will sustain the appeal and remand the record to the Immigration Court.

The Board reviews findings of fact determined by an Immigration Judge, including credibility findings, under a "clearly erroneous" standard. 8 C.F.R. § 1003.1(d)(3)(i) (2026). We reverse the Immigration Judge's favorable credibility determination because, as presently constituted, it is clearly erroneous. *See* INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii) (2024). A remand is required for the Immigration Judge to properly assess the respondent's credibility. *See Matter of S-H-*, 23 I&N Dec. 462, 465 (BIA 2002) (the Board must defer to the factual determinations of an Immigration

---

[1] The respondents are the lead respondent, his spouse, and their minor child. The spouse and minor child seek asylum as derivative beneficiaries of the lead respondent. *See* INA § 208(b)(3)(A), 8 U.S.C. § 1158(b)(3)(A) (2024); 8 C.F.R. § 1208.3(a)(1) (2026). The spouse and minor child do not seek relief or protection separate from the lead respondent's application and are not entitled to assert a derivative claim for statutory withholding of removal or protection under the Convention Against Torture. *See Matter of A-K-*, 24 I&N Dec. 275, 279–80 (BIA 2007). References to a singular respondent are to the lead respondent.

Judge absent clear error); *Matter of A-P-*, 22 I&N Dec. 468, 477 (BIA 1999) (stating that the Immigration Judge is responsible for the substantive completeness of the decision).

The respondent's application for asylum is dependent on his claim that he served in the Regiment of Security Presidential (RSP), a military division responsible for protecting the President of Burkina Faso, from 2009 until the RSP's dissolution in 2015. The respondent twice applied for visas to enter the United States, first on December 5, 2015, and again on August 24, 2016. In each of these applications, he denied ever having served in the military or having received specialized weapons training.

The Immigration Judge noted that the respondent testified that he lied on his 2015 visa application because "he was trying to hide the fact that he had been in the military." Regarding the 2016 visa application, the Immigration Judge observed that the respondent first testified "that he was not asked about serving in the military or firearms training," and "later testified that he provided . . . incorrect information on his visa application because he was in despair and danger and just wanted to leave Burkina Faso . . . ."

The Immigration Judge explicitly found the respondent's misrepresentations on these visa applications indicative of a propensity to engage in dishonesty in pursuit of an immigration benefit. Nonetheless, the Immigration Judge determined that the respondent was credible. The Immigration Judge reasoned that the respondent was forthcoming and "readily admitted that he purposely failed to disclose" details in his visa applications that might prevent him from obtaining a visa. Thus, the Immigration Judge "credit[ed] the [r]espondent's explanation for these discrepancies."

The INA affords no presumption of credibility to the respondent, who bears the burden of establishing he is credible. *Matter of H-C-R-C-*, 28 I&N Dec. 809, 811 (BIA 2024). In determining credibility, the Immigration Judge may consider many factors, including demeanor, candor, responsiveness, the inherent plausibility of the account, consistency between written and oral statements, internal consistency of statements, consistency of statements with other evidence of record, and any inaccuracies in statements. INA §§ 208(b)(1)(B)(iii), 240(c)(4)(C), 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1229a(c)(4)(C) (2024). The Immigration Judge may also find a respondent credible only in part. *Garland v. Ming Dai*, 593 U.S. 357, 366 (2021) (noting that an Immigration Judge, "like any reasonable factfinder, is free to credit part of a witness' testimony without necessarily accepting it all" (citation modified)).

However, the respondent's admission that he previously lied on applications for visas to enter the United States does not establish credibility. As the Immigration Judge correctly found, these admissions are merely "indicative of a propensity to engage in dishonesty for purposes of seeking an immigration benefit." It is clear error for an Immigration Judge to find the respondent credible based solely on a finding that the respondent was candid about making prior false statements. Accordingly, we will remand for the Immigration Judge to more fully assess the respondent's credibility.

Remand is also warranted for further fact-finding and legal analysis regarding corroboration. *See Matter of L-A-C-*, 26 I&N Dec. 516, 519 (BIA 2015) (explaining that, whether credible or not, an asylum applicant has the burden to corroborate the material elements of the claim where corroborating evidence is reasonably obtainable). The respondent testified that he provided false information on his second visa application because he was desperate to leave Burkina Faso to escape capture and imprisonment. However, that explanation is undermined by the respondent's testimony that he did not leave Burkina Faso until 2021, approximately 5 years after filing his second visa application. Moreover, the admittedly false information provided on the respondent's visa applications is not ancillary to his claim. Rather, those falsehoods are indicative of the respondent's willingness to lie to U.S. immigration officials about any military service or training, which is an integral part of his claimed fear. *See generally Siewe v. Gonzales*, 480 F.3d 160, 170–71 (2d Cir. 2007) (describing impact of false testimony on other testimony and evidence).

Additionally, as argued by DHS on appeal, while the Immigration Judge found that the respondent's witness was not persuasive and afforded his testimony limited weight, the Immigration Judge did not make an explicit determination of the witness' credibility. *See generally Matter of O-D-*, 21 I&N Dec. 1079, 1081 (BIA 1998) (noting that credibility is a threshold issue). Thus, the respondent's witness is entitled to a presumption of credibility on appeal. INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii). However, the respondent's witness falsely testified during the hearing that he was never wanted for arrest or charged with a crime when, in fact, an international arrest warrant was entered against him and he was convicted in absentia for alleged involvement in a military coup in 2015. When confronted with evidence of this arrest warrant and conviction, the witness conceded that he learned about the arrest warrant and conviction on the Internet in 2019, though he disputes the underlying charges. As the respondent's witness provided false testimony under oath, we conclude the presumption of credibility has been rebutted. On remand, the Immigration

Judge must assess the credibility of the witness' testimony and affidavit and determine what, if any, weight to afford them. *See id*.

DHS further argues that the documentary evidence in the record does not corroborate the respondent's claims. The Immigration Judge found that the respondent's affidavits substantiate his claims of past persecution, that certificates and photographs corroborate his military service, and that the record contains a search warrant for the respondent due to his failure to appear for military service. However, the Immigration Judge does not address the lack of detail in these documents and does not specifically analyze whether these documents corroborate the respondent's testimony that he was in military confinement and surveilled by soldiers for approximately 3 months beginning in October 2015, that he sustained a knee and back injury from an attack on his convoy, that he was threatened with death after being transferred back to a camp in Po, and that the alleged past and feared future harm was and will be motivated by his status as a former RSP member. *See Matter of F-S-N-*, 28 I&N Dec. 1, 5 (BIA 2020) (according limited evidentiary weight to statements from relatives that only make generalized and nonspecific references to the respondent's harm); *Matter of H-L-H- & Z-Y-Z-*, 25 I&N Dec. 209, 215 (BIA 2010) (affording diminished weight to unsworn letters from the alien's friends and family because they lacked detail and were from interested witnesses not subject to cross-examination).

In conclusion, the Immigration Judge must further assess the respondent's credibility under the totality of the circumstances and may not determine the respondent is credible solely because he was candid in admitting he previously lied to obtain immigration benefits. Thereafter, the Immigration Judge should determine if the respondent has presented sufficient corroborative evidence and otherwise established eligibility for the relief and protection he seeks. In remanding, we express no opinion as to the ultimate outcome of these proceedings.

Accordingly, the following order will be entered.

**ORDER:** The appeal is sustained, and the record is remanded to the Immigration Court for further proceedings consistent with the foregoing opinion and for the entry of a new decision.