Castro-Castro v. Bondi

BIA
A220 558 614/615

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand twenty-five.

PRESENT:
> PIERRE N. LEVAL,
> MYRNA PÉREZ,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

INES NATHALY CASTRO-CASTRO, C.A.C.-C.,*

> *Petitioners*,

> **v.**                                                    **24-179**
>                                                            **NAC**

_____

\* We use only initials to refer to the minor petitioner in this publicly accessible order, in accordance with Fed. R. Civ. P. 5.2(a)(3) and Fed. R. App. P. 25(a)(5).

**PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,**

*Respondent.*

_____

**FOR PETITIONER:** Gregory Osakwe, Law Offices of Gregory C. Osakwe, Hartford, CT.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Erica B. Miles, Assistant Director; C. Frederick Sheffield, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Ines Nathaly Castro-Castro and her minor son, both natives and citizens of Ecuador, seek review of a December 26, 2023, decision of the BIA denying their motion to reopen their removal proceedings. *See In re Castro-Castro*, Nos. A 220 558 614/615 (B.I.A. Dec. 26, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

2

In lieu of filing a brief, the Government moves for summary denial of the petition for review. Rather than determine if the petition is frivolous as required for summary denial, *see Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995), we construe the Government's motion as its brief and deny the petition on the merits.

Our review is limited to the BIA's December 2023 decision denying reopening because the petition is timely only as to that decision.[2] *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). We review the BIA's denial of a motion to reopen or for administrative closure for abuse of discretion. *See Garcia v. Garland*, 64 F.4th 62, 69 (2d Cir. 2023) (administrative closure); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008) (reopening). "An abuse of discretion may be found in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA]

_____

[2] Although the 30-day deadline for a petition for review in 8 U.S.C. § 1252(b)(1) is not jurisdictional, *see Riley v. Bondi*, 145 S. Ct. 2190, 2201–04 (2025), Petitioners do not argue here that the deadline should be excused with respect to the BIA's August 2023 decision dismissing their appeal of an immigration judge's denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture.

has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Just.*, 265 F.3d 83, 93 (2d Cir. 2001) (citations omitted).

"A motion to reopen proceedings shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). Petitioners asked the BIA to reopen the proceedings and either remand to the Immigration Judge ("IJ") so that they could complete a request for prosecutorial discretion with the Department of Homeland Security ("DHS"), or, without remanding, to administratively close the proceedings based on its own assessment that they were not an enforcement priority; in support of that request, they referred to DHS policy memoranda. The BIA declined to reopen.

On appeal, Petitioners argue that the BIA overlooked evidence that was not available at the time of its previous decision. This argument fails; the only "evidence" mentioned in their motion consisted of two policy memoranda published in September 2021 and April 2022—predating both their May 2022 merits hearing before the IJ and the BIA's first decision in 2023. *See* Cert. Admin. Record ("CAR") at 7 (referring to DHS Secretary Alejandro Mayorkas, *Guidelines*

4

*for the Enforcement of Civil Immigration Law* (Sept. 30, 2021), available at https://www.ice.gov/doclib/news/guidelines-civilimmigrationlaw.pdf ("Mayorkas Memorandum") [https://perma.cc/5LPN-BPU5]; and Immigration and Customs Enforcement Principal Legal Advisor Kerry Doyle, *Guidance to OPLA Attorneys Regarding the Enforcement of Civil Immigration Laws and the Exercise of Prosecutorial Discretion* (Apr. 3, 2022), available at https://www.ice.gov/doclib/about/offices/opla/OPLA-immigration-enforcement_guidanceApr2022.pdf ("Doyle Memorandum") [https://perma.cc/LY3L-NK7B]). The BIA expressly acknowledged one of these memoranda, and it cannot be faulted for having failed to mention the other because Petitioners did not provide a citation and appeared to be giving an alternate name for the first memorandum. *See* CAR at 3, 7. Petitioners also cite an executive order. *See Revision of Civil Immigration Enforcement Policies and Priorities*, Exec. Order No. 13993, 86 Fed. Reg. 7051 (Jan. 20, 2021). This order is not previously unavailable evidence because it was issued before Petitioners arrived in the United States.

Petitioners do not challenge the BIA's conclusion that it lacked jurisdiction to review DHS's discretionary prosecutorial decisions, and have thus abandoned any such challenge. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)); *Matter of J-A-B- & I-J-V-A-*, 27 I. & N. Dec. 168, 170 (B.I.A. 2017) ("The DHS's decision to commence removal proceedings involves the exercise of prosecutorial discretion, and neither the Immigration Judges nor the Board may review a decision by the DHS to forgo expedited removal proceedings or initiate removal proceedings in a particular case.").

The BIA can consider the likelihood of a favorable exercise of discretion by DHS as relevant to whether it should exercise its own discretion to reopen. *See Sheng Gao Ni v. BIA*, 520 F.3d 125, 129–30 (2d Cir. 2008) (finding that BIA's accurate statement that it lacked jurisdiction to adjudicate an application was not a rational explanation for denial of motion to reopen, where BIA failed to consider whether movants' newfound ability to apply for adjustment with U.S. Citizenship and

Immigration Services warranted a favorable exercise of the BIA's discretion to reopen and continue the proceedings to await that decision). But even if the BIA should have considered whether DHS was likely to favorably exercise prosecutorial discretion in this context, the memoranda contradict Petitioners' claim that they were no longer an enforcement priority given that they entered the United States without inspection in 2021. *See* Mayorkas Memorandum at 4 (identifying as an enforcement priority noncitizens who unlawfully entered the United States after November 1, 2020); Doyle Memorandum at 3, 5–6 (same); *Gurung v. Barr*, 929 F.3d 56, 62 (2d Cir. 2019) (We will affirm notwithstanding legal errors "when overwhelming evidence in the record makes it clear that the same decision is inevitable on remand.").

As to the request to reopen for administrative closure, that procedure allows the agency to "temporarily remove a case from an [IJ's] active calendar or from the [BIA's] docket . . . to await an action or event that is relevant to immigration proceedings but *is outside the control of the parties* or the court." *Matter of Avetisyan*, 25 I. & N. Dec. 688, 692 (B.I.A. 2012) (emphasis added). Petitioners have not identified such an action or event—their request for relief turned on the likelihood

that DHS (the opposing party) viewed them as an enforcement priority. The BIA correctly noted that under its precedent, because "prosecutorial discretion is a matter within the exclusive jurisdiction of DHS, . . . in considering administrative closure, [the agency] cannot review whether an alien falls within the DHS's enforcement priorities or will actually be removed from the United States." *Matter of W-Y-U-*, 27 I. & N. Dec. 17, 19 (B.I.A. 2019). Petitioners do not acknowledge or challenge that reasoning here, and thus have abandoned review of these grounds for the BIA's decision. *See Debique*, 58 F.4th at 684.

Under these circumstances, the BIA acted within its discretion in denying reopening because it was not required to view Petitioners' new evidence as either previously unavailable or "material." 8 C.F.R. § 1003.2(c)(1). Finally, to the extent Petitioners argue that the agency should have reopened for further consideration of their asylum claim, that argument is unexhausted because—as the Government points out—they did not make that request in their motion to reopen, which only sought an administrative closure or an opportunity to pursue prosecutorial discretion, and did not refer to new evidence relevant to asylum. *See Ud Din v.*

*Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (reaffirming that issue exhaustion is mandatory when the Government raises it).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court